GERTRUDE A. WARDELL *vs.* THE TOWN OF KILLINGLY
ET AL.

First Judicial District, Hartford, October Term, 1921.
WHEELER, C. J., BEACH, GAGER, CURTIS and BURPEE, Js.

An appeal to this court lies from a final judgment only.
General Statutes, § 6065, provides that any court having cognizance of writs of *habeas corpus*, *mandamus*, *quo warranto*, prohibition or *ne exeat* may, in any action pending before it, make any order, interlocutory or final, in the nature of such writs, to the extent of its jurisdiction, so far as it may appear to be an appropriate form of relief. *Held* that the denial of an application for an order of *mandamus* under this section, in a pending action, was a final judgment from which an appeal to this court could be taken.
The plaintiff sued for damages for breach of a contract of employ-

ment as a school teacher. At the trial she offered to prove the contents of a letter from the superintendent of schools as equivalent to the certificate to teach required by General Statutes, § 1007, but the evidence was excluded on the ground that the letter was not a certificate within the meaning of the statute. Thereupon the plaintiff brought two applications for orders in the nature of writs of *mandamus,* one against the town school committee to require it to issue a certificate to her, and one against the secretary of the committee to require him to correct his minutes. Upon these applications the court issued orders to show cause, which it treated as alternative writs of *mandamus,* and after hearing the cases, rendered judgment in each case denying and dismissing the application. Later the trial court made a finding, ruling that the applications were in effect independent proceedings. *Held* that the court took the correct course, and that the plaintiff's appeals were properly before this court as appeals from final judgments.

A motion to erase an appeal is the proper and exclusive remedy, if no final judgment has been rendered.

Argued October 4th—decided November 30th, 1921.

APPLICATIONS for orders in the nature of mandamus, under General Statutes, § 6065, taken to and tried by the Superior Court in Windham County, *Hinman, J.;* judgment rendered in favor of the defendants, denying and dismissing the applications, and appeal by plaintiff.

In this court the defendants pleaded to the jurisdiction and in abatement, and moved to dismiss the appeals because not taken from a final judgment; and plaintiff moved to strike out the plea to the jurisdiction and in abatement. *Plaintiff's motion to strike out plea to jurisdiction, granted, and defendants' motion to dismiss appeals, denied.*

*Elbert L. Darbie,* with whom were *Charles S. Searls* and *Sabin S. Russell,* for the appellees (defendants).

*Arthur T. Keefe,* for the appellant (plaintiff).

PER CURIAM. The plaintiff brought an action to secure damages for the breach of a contract employing her

as a school teacher. Upon the trial, plaintiff offered to prove the contents of a letter from the superintendent of schools, for the purpose of proving that she held a certificate to teach as required by General Statutes, § 1007. The offer was objected to upon the ground that the letter was not a certificate within the meaning of the statute, and the court sustained the objection. Whereupon, on plaintiff's motion, a continuance was granted in order to allow her to bring an application for an order in the nature of mandamus, under General Statutes, § 6065. Plaintiff subsequently brought an application praying for such an order against the school committee of Killingly, requiring them as such school committee, or a committee of them, to issue a certificate authorizing her to teach music in the schools of Killingly as long as she desired, in accordance with General Statutes, § 1007. At the same time plaintiff brought an application praying for an order in the nature of mandamus against the secretary of the school committee of Killingly, to correct the records of the committee in certain named particulars. Upon these applications orders to show cause were entered, and thereafter defendants moved to quash each application, and the plaintiff then moved to strike out the motion to quash. These motions were denied upon the ground that the rules to show cause stood in place of the alternative writ of mandamus. The motions to quash were overruled, and defendants then made answer to each application; the court heard the cases, rendered judgment in each case, and adjudged that each application be denied and dismissed.

The plaintiff appealed, and in overruling defendants' request that the court deny plaintiff's request for a finding, *Judge Hinman* said: "While these applications for orders in the nature of mandamus are brought under § 6065 of the General Statutes . . . , they have been, and are to be, regarded as, in effect, independent

proceedings, and the orders dismissing said applications are final rather than interlocutory. Furthermore it appears . . . that unless the plaintiff obtains . . . the certificate sought, further proceedings in said original action would serve no useful purpose. A finding is therefore made in each case."

In this court the defendants in each case filed a plea to the jurisdiction and in abatement, and also a motion to erase from the docket, because the appeals were not taken from a final judgment; and the plaintiff filed a motion to strike out defendants' plea to the jurisdiction and in abatement. These pleas and motions are before us for disposition.

The applications were brought under General Statutes, § 6065, which read as follows: "Any court having cognizance of writs of *habeas corpus, mandamus, quo warranto,* prohibition or *ne exeat* may, in any action pending before it, make any order, interlocutory or final, in the nature of such writs, or any of them, to the extent of its jurisdiction, so far as it may appear to be an appropriate form of relief." This section of the statutes was originally enacted as § 26 of Chapter 83 of the Public Acts of 1879, known as the Practice Act. It was the intent of its framers that it should help simplify procedure; and its purpose was to have these prerogative writs serve to aid any pending action, without compelling the dismissal of that action and then the securing of the relief of the prerogative writ, and, after that, the institution of the main action, for aid of which the relief of the prerogative writ was sought. The case in hand illustrates the use to which this statute was intended to be put. The action on the contract is dead unless one or both of these applications in the nature of mandamus can prevail. If one or both shall succeed, the proof held by the trial court to be indispensable will be at hand.

The application takes the place of an independent action; its purpose is the same as if an action of mandamus had been begun. In fact the applications are independent actions, they are not merely ancillary to the main action. The trial judge correctly interpreted their character in his memorandum denying the defendants' motion that he refuse to make a finding. The defendants, by their motion to quash, indicated their belief that the procedure was identical with that of the ordinary action of mandamus. The court, by its rule to show cause, adopted the practice in an action of mandamus, the rule corresponding to the writ of alternative mandamus. In the revision of the General Statutes in 1902, the legislature understood this section conferred similar power to that invoked in the action of mandamus, for they transposed this section to the chapter on mandamus. So that it appears from the very nature of the application for an order in the nature of mandamus, from the purpose of the framers of the Practice Act, from the subsequent legislative understanding, and from the procedure adopted by the parties herein, that these applications are in reality independent actions. They were so treated by the trial court, and the judgments which it rendered upon them are final judgments; so far as the relief sought by these applications is concerned, it is at an end while these judgments shall stand. Unless one or both applications shall be granted, the original action for breach of contract must fail; so that orderly procedure requires that these applications should be finally determined before judgment should be rendered in the original action.

We think the judgments rendered upon these applications are final judgments, within our definition of a final judgment contained in *Norton* v. *Shore Line Electric Ry. Co.*, 84 Conn. 24, 31, 78 Atl. 587. Being

final judgments, an appeal lies to this court. Our holding conforms to our settled rule that an appeal to this court can be taken only from a final judgment. *Morse* v. *Rankin*, 51 Conn. 328, 329.

The appellant's motion to strike out defendants' plea to the jurisdiction as to each appeal is granted, since the motion to erase is the proper and exclusive remedy for reaching an appeal taken when no final judgment has been rendered.

The appellees' motions to dismiss and erase are denied.