STEVEN GOODSON ET AL. *v.* STATE OF CONNECTICUT
(14679)

PETERS, C. J., CALLAHAN, BERDON, KATZ and PALMER, Js.

Argued September 30—decision released December 14, 1993

*Thadd A. Gnocchi,* assistant attorney general, with whom were *Richard Blumenthal,* attorney general, and *Charles A. Overend,* assistant attorney general, for the appellant (defendant).

*Stephen F. McEleney,* with whom, on the brief, was *Albert J. McGrail,* for the appellees (plaintiffs).

BERDON, J. The question we certified in this appeal[1] raises the following issues: (1) whether an order entered pursuant to General Statutes § 52-422[2] reinstating an employee pending the resolution of the grievance procedure established by a collective bargaining agreement is a final judgment from which an aggrieved party can appeal; (2) whether this appeal is moot because the order of temporary reinstatement expired; and (3) whether the failure to seek review, pursuant to Prac-

---

[1] *Goodson* v. *State,* 224 Conn. 926, 619 A.2d 850 (1993).

[2] General Statutes § 52-422 provides: "ORDER PENDENTE LITE. At any time before an award is rendered pursuant to an arbitration under this chapter, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when said court is not in session, any judge thereof, upon application of any party to the arbitration, may make forthwith such order or decree, issue such process and direct such proceedings as may be necessary to protect the rights of the parties pending the rendering of the award and to secure the satisfaction thereof when rendered and confirmed."

tice Book §§ 4049[3] and 4053,[4] of the denial of a stay of execution sought pursuant to Practice Book § 4047[5] is a permissible ground for dismissal of the underlying appeal.

On May 12, 1992, the defendant state of Connecticut through the warden of the John R. Manson Youth Institution, a state correctional facility, terminated the employment of the plaintiff Steven Goodson. Goodson and his collective bargaining agent, the plaintiff American Federation of State, County and Municipal Employees, Local No. 387 (union), challenged the discharge by filing a grievance pursuant to the collective bargaining agreement then in force between the union and the defendant. The third and final prearbitration step of the contractual grievance procedure was scheduled to take place on August 18, 1992.[6] On July 9, 1992, the

---

[3] Practice Book § 4049 provides in relevant part: "The sole remedy of any party desiring the court to review an order concerning a stay of execution shall be by motion for review under Sec. 4053."

[4] Practice Book § 4053 provides in relevant part: "The court may, on written motion for review stating the grounds for the relief sought, modify or vacate . . . any order made by the trial court concerning a stay of execution on appeal. . . ."

[5] Practice Book § 4047 provides: "In non-criminal matters in which the automatic stay provisions of Sec. 4046 are not applicable and in which there are no statutory stay provisions, application for a stay of the judgment or order of the superior court pending appeal shall be made to the judge who tried the case unless that judge is unavailable, in which case the application may be made to any judge of the superior court. Such an application may also be filed before judgment and may be ruled upon at the time judgment is rendered unless the court concludes that a further hearing or consideration of such application is necessary. A temporary stay may be ordered sua sponte or on written or oral motion, ex parte or otherwise, pending the filing or consideration of an application for stay pending appeal. The application shall be considered on an expedited basis and the granting of a stay of an order for the payment of money may be conditional on the posting of suitable security."

[6] Step III of the grievance procedure in the contract of employment provides: "Director of Personnel and Labor Relations or Designee. An unresolved grievance may be appealed to the Director of Personnel and Labor Relations within seven (7) days of the date that the Step II response

plaintiffs brought a petition in the trial court under § 52-422, seeking to have Goodson reinstated as an employee pending the disposition of the third step of the grievance procedure. On August 6, 1992, the trial court, *Stengel, J.*, ordered that Goodson be reinstated until September 3, 1992.

The defendant took a timely appeal to the Appellate Court from the order of reinstatement. The defendant sought appellate review of the following: Was the trial court correct "in entering an order which is contrary to both the agreement of the parties as reflected in the collective bargaining agreement and the state's public policy pursuant to the State Personnel Act" and in "entering an order which is contrary to the language and purpose of [General Statutes] § 52-422?"[7]

is due. Said Director or his/her designated representative shall hold a conference within forty-five (45) days of receipt of the grievance and issue a response within ten (10) days of the conference. The local union president or his/her designee, staff representative and steward may be present at the Step III level." Those grievances that are not resolved in step III may be subject to arbitration under § 9 of the contract of employment as follows: "Arbitration. (a) Grievances during the life of this Agreement shall be submitted to the Connecticut Board of Mediation and Arbitration within thirty (30) days from receipt of the Step III response, or if no response, within thirty (30) days of the due date. Submission to arbitration shall be by letter, postage pre-paid, addressed to the Board; a copy of such letter will also be mailed concurrently to the Director of Personnel and Labor Relations or his/her designee. The arbitrator shall have no power to add to, subtract from, alter, or modify this Agreement, nor to grant to either party matters which were not obtained in the bargaining process, nor to impose any remedy or right of relief for any period of time prior to the effective date of the Agreement, nor to grant pay retroactively for more than thirty (30) calendar days prior to the date a grievance was submitted at Step I. The arbitrator's decision shall be final and binding on the parties in accordance with Connecticut General Statutes Section [52-418], provided, however, neither the submission of questions of arbitrability to any arbitrator in the first instance nor any voluntary submission shall be deemed to diminish the scope of judicial review over arbitral awards, including awards on arbitrability."

[7] The defendant also sought review of whether the trial court was correct in "entering an order which is contrary to fundamental principles of labor relations" and "entering an order which violates the principle of sovereign immunity."

The defendant, pursuant to Practice Book § 4047, sought two stays from the trial court's order of reinstatement. The first, which was requested before the appeal was taken, was denied by the court, *Dorsey, J.*, without prejudice. The second request for a stay was sought after the appeal had been taken, but was not heard by the court until the date the reinstatement order had expired, and the court, *Stengel, J.*, denied it as moot. The defendant did not seek a review from the Appellate Court under Practice Book § 4053 of the trial court's denials of the requests for a stay.

On December 3, 1992, while the appeal was pending, the Appellate Court, on its own motion, ordered the parties to show cause why the appeal should not be dismissed because of the lack of a final judgment, mootness and failure to comply with Practice Book §§ 4049 and 4053. The Appellate Court granted the motion to dismiss without articulating the grounds upon which it was granted. Accordingly, we will review all three issues raised in the Appellate Court's motion to show cause in order to determine if there existed any proper ground to dismiss the appeal.

I

The defendant first claims that the Appellate Court incorrectly dismissed the appeal on the ground that the trial court's order reinstating Goodson under § 52-422 is not a final judgment. With certain exceptions pertaining to interlocutory orders or rulings; *Madigan* v. *Madigan,* 224 Conn. 749, 752, 620 A.2d 1276 (1993); *State* v. *Curcio,* 191 Conn. 27, 31, 463 A.2d 566 (1983); a party may appeal only from a final judgment. General Statutes §§ 52-263 and 51-197a; *Solomon* v. *Keiser,* 212 Conn. 741, 745–46, 562 A.2d 524 (1989). "The finality requirement underlying our appellate review represents a clear and firm policy against piecemeal appeals." *State* v. *Powell,* 186 Conn. 547, 551, 442 A.2d

939, cert. denied sub nom. *Moeller* v. *Connecticut,* 459 U.S. 838, 103 S. Ct. 85, 74 L. Ed. 2d 80 (1982).

The test of a final judgment is " 'if the rights of the parties are concluded so that further proceedings cannot affect them . . . .' " *Monroe* v. *Monroe,* 177 Conn. 173, 176, 413 A.2d 819, appeal dismissed, 444 U.S. 801, 100 S. Ct. 20, 62 L. Ed. 2d 14 (1979). "This is true whether the ruling is made in an independent proceeding or is incidental to the main issue." *Northeastern Gas Transmission Co.* v. *Brush,* 138 Conn. 370, 374, 84 A.2d 681 (1951).

Section 52-422 confers on the trial court broad jurisdiction to enter orders and decrees pending an arbitration "as may be necessary to protect the rights of the parties pending the rendering of the award and to secure the satisfaction thereof when rendered and confirmed." Although it might be desirable to adopt a bright line approach to apply to appeals pursuant to specific statutes that would obviate the need for individual case determinations; see *Paranteau* v. *DeVita,* 208 Conn. 515, 520, 544 A.2d 634 (1988); such an approach is not possible or practical in the present case because of the broad sweep of § 52-422. Accordingly, we must focus our lens on the specific remedy crafted by the trial court.

In the present case, the trial court ordered that the defendant reinstate Goodson for the specific period of August 6 through September 3, 1992. This order, although collateral to the grievance procedure provided for in the collective bargaining agreement, was fixed and final pursuant to a distinct statutory authority under which the trial court purported to act. Therefore, it is analogous to the order that was held appealable in *Wardell* v. *Killingly,* 96 Conn. 718, 115 A. 539 (1921). In *Wardell,* this court held that an order denying an application for mandamus, sought pursuant to

a statute[8] that authorized the court to entertain such applications "in any action pending before it," was a final judgment for the purposes of appeal, notwithstanding that the main action had not been concluded. Id., 722. The order in this case presents a more compelling case for review, because even if the parties had proceeded to arbitration after the third step in the grievance proceedings, there still would not have been any other court proceeding to which the order for temporary reinstatement entered pursuant to § 52-422 could be construed as collateral.

Even if the order of temporary reinstatement were to be viewed as falling within the "gray area" between final judgments and interlocutory orders, it would still be appealable. "[T]here are certain judgments which are undoubtedly final and others that are clearly interlocutory and not appealable. The problem, of course, arises in the gray area between these obvious certainties. . . . To evaluate those orders that lie in the gray area we have in recent years relied on the standard articulated in *State* v. *Curcio,* [supra]. That standard permits the immediate appealability of an order in two circumstances: (1) where the order or action terminates a separate and distinct proceeding, or (2) where the order or action so concludes the rights of the parties that further proceedings cannot affect them." (Citations omitted; internal quotation marks omitted.) *Madigan* v. *Madigan,* supra, 753.

The order in the present case concluded the rights of the parties so that no further proceedings could affect them. Our cases have made clear that where an

---

[8] General Statutes § 52-493, previously codified in 1921 as § 6065, provides: "Any court having cognizance of writs of habeas corpus, mandamus, quo warranto, prohibition or ne exeat may, in any action pending before it, make any order, interlocutory or final, in the nature of any such writ, to the extent of its jurisdiction, so far as it may appear to be an appropriate form of relief."

order requires monetary payments that are irretriev-able, so that there is no right of reimbursement, as in the present case, the order is immediately appealable. *Litvaitis* v. *Litvaitis,* 162 Conn. 540, 548, 295 A.2d 519 (1972); *Hiss* v. *Hiss,* 135 Conn. 333, 336, 64 A.2d 173 (1949); see C. Tait, Connecticut Appellate Practice and Procedure (2d Ed. 1993) § 2.14 (d). In *Hiss* v. *Hiss,* supra, this court held that an interlocutory order of sup-port payments in an equitable action brought by a wife for support of herself and her children was an appeal-able final judgment because the husband would have no right to be reimbursed even if judgment was ulti-mately rendered in his favor. Likewise, the wages paid to Goodson as a result of the order of reinstatement could not be recouped by the defendant even if it ulti-mately prevailed in the grievance proceedings. See Gen-eral Statutes § 31-71b (requirement for payment of wages to an employee); General Statutes § 31-71a (2) (defining "employee" as including any person "*suffered* or permitted to work by an employer" [emphasis added]).

Accordingly, under the circumstances of this case, we hold that the order of reinstatement under § 52-422, although collateral to the grievance proceedings, is a final judgment and ripe for appellate review.

## II

The defendant also claims that mootness was not a proper basis for the Appellate Court's dismissal of the appeal. Of course, mootness implicates the jurisdiction of the court. "It is a well-settled general rule that the existence of an actual controversy is an essential req-uisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determi-nation of which no practical relief can follow. . . . In the absence of an actual and existing controversy for

us to adjudicate . . . the courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law . . . and where the question presented is purely academic, we must refuse to entertain the appeal." (Citations omitted; internal quotation marks omitted.) *Delevieleuse* v. *Manson,* 184 Conn. 434, 436, 439 A.2d 1055 (1981).

A well defined exception to the mootness rule is where the issue is "capable of repetition, yet evading review." *Moshier* v. *Goodnow,* 217 Conn. 303, 307, 586 A.2d 557 (1991); *Shays* v. *Local Grievance Committee,* 197 Conn. 566, 573, 499 A.2d 1158 (1985). The time dimension that the name of the exception implies is necessary but not itself sufficient to invoke our appellate jurisdiction. Rather, we must look to additional factors to determine whether we should decide the issue even though it may have no immediate practical consequences to a party. *Sobocinski* v. *Freedom of Information Commission,* 213 Conn. 126, 135, 566 A.2d 703 (1989). Some of those factors include whether the issue (1) could affect an ongoing program of the state penal or civil system, (2) could affect the complaining party in the future, and (3) involves a matter of public importance. *Moshier* v. *Goodnow,* supra; *Shays* v. *Local Grievance Committee,* supra, 572–73. No one factor is controlling, nor must all of the above factors be present. To decide the applicability of the exception, we must instead review the circumstances of each case. See *Delevieleuse* v. *Manson,* supra, 437 n.2.

As a threshold matter, we conclude that the substantive issues presented by this case are "capable of repetition, yet evading review." See *Hartford Principals & Supervisors' Assn.* v. *Shedd,* 202 Conn. 492, 498, 522 A.2d 264 (1987). The substantive issue in *Shedd* was whether the mediation and arbitration procedures were available to resolve contractual disputes between a school board and a teachers union arising during the

term of an existing contract. Id., 493. We reached the merits of that question, despite the fact that the collective bargaining agreements under which the midterm disputes arose had expired prior to the appeal. Id., 498. The case fell within the "capable of repetition" exception because midterm disputes are likely to arise often, and collective bargaining agreements, generally having a two to three year lifespan, are likely to expire before a midterm dispute can be fully litigated. Id., 499; see also *Board of Education* v. *Board of Labor Relations,* 201 Conn. 685, 686 n.2, 519 A.2d 41 (1986).

Similarly, we conclude that the question of whether a trial court may reinstate a discharged state employee pending the operation of a contractual grievance procedure is a fundamental labor relations issue likely to arise again, yet apt to evade review. Orders pursuant to § 52-422 are limited in nature. The purpose of § 52-422 is to protect the rights of the parties pending the resolution of a dispute in another forum. In the present case, the order was specifically limited to a reinstatement for a period of twenty-eight days, hardly a sufficient time period in which a party could obtain appellate review.

The extent to which § 52-422 confers authority upon the Superior Court to intervene in a state employee bargaining agreement grievance procedure is a question that affects an ongoing program of the civil system. The issues raised by the proper construction of § 52-422 involve the administration of the State Personnel Act. General Statutes §§ 5-193 through 5-269. General Statutes § 5-240 (c) provides that "[a]n appointing authority may dismiss any employee in the classified service when he considers the good of the service will be served thereby." Entering an order of temporary reinstatement under § 52-422 implicates § 5-240. See *Board of Education* v. *Board of Labor Rela-*

*tions,* supra (issue of collective bargaining over teacher evaluations affects ongoing program of state's education system).

The issues presented by this case have the potential to affect the complaining party in the future. Although the issues may be moot for Goodson,[9] they will continue to affect the union as a representative of state employees in its ongoing relationship with the defendant as an employer. Finally, we believe that the trial court's § 52-422 order to reinstate an employee during the contractual grievance process presents important issues of state employee labor relations, statutory construction, and the role of courts in collective bargaining grievance procedures. Accordingly, we agree with the defendant that, although Goodson may not be affected by the outcome of this appeal, the appeal presents issues that should be resolved because it is fully within the exception of being "capable of repetition, yet evading review."

## III

Finally, we also agree with the defendant that the appeal should not have been dismissed on the ground that the defendant failed to comply with Practice Book §§ 4049 and 4053. Practice Book § 4047 allows a party to move for a stay of execution. Sections 4049 and 4053 provide that the sole remedy for the denial of such a stay is by motion for review. The plaintiffs argue that since there was no motion for review, the appeal was correctly dismissed. The issue on the dismissal, however, was not whether the Appellate Court had jurisdiction to hear an appeal from the denial of the stay, but rather whether the Appellate Court had jurisdiction to hear an appeal from the order reinstating Good-

---

[9] We note that before the termination of the reinstatement order, the plaintiffs sought a second reinstatement order. The trial court heard the motion but denied the relief the plaintiffs sought.

son under § 52-422. The plaintiffs point to no authority that would make the jurisdiction of the Appellate Court to hear an appeal from a judgment dependent upon whether the party aggrieved by the judgment sought a stay or whether, upon being denied a stay, that party sought appellate review of the merits of that denial.

We hold that the Appellate Court had no basis for dismissing, on its own, the defendant's appeal, and it had jurisdiction to hear this appeal on its merits.

The judgment of the Appellate Court is reversed and the case is remanded to that court for further proceedings consistent with this opinion.

In this opinion the other justices concurred.