FIRST TRUST NATIONAL ASSOCIATION, TRUSTEE *v.*
WILLIAM C. HITT ET AL.
(12918)

DUPONT, C. J., and LANDAU and SCHALLER, Js.

Argued September 29—decision released November 15, 1994

*Arthur M. Field,* pro se, the appellant.

*Andrew J. McDonald,* for the appellee (plaintiff).

LANDAU, J. This is an appeal from a trial court order affirming the denial of the appellant's motion for a protective order, which sought to quash discovery of trustee account records. The appellant, Arthur M. Field, an attorney appearing pro se, filed the motion for a protective order in response to a subpoena duces tecum served by the plaintiff on Shawmut Bank Connecticut, N.A., formerly Connecticut National Bank (Shawmut Bank) requesting Field's attorney trustee banking records. Field sets out in twelve claims an assault on the trial court's rulings resembling "[t]he wolf on the fold,"[1] the gist of which is that (1) the trial court, *J. Walsh, J.,* improperly summarily denied the motion for protective order in Field's absence, (2) the court, *Gaffney, J.,* improperly heard reargument on a motion originally heard and decided by another judge, (3) both judges improperly permitted to be subpoenaed information that was overbroad and properly precluded from discovery, (4) both improperly failed to examine material in camera before permitting discovery so as to determine potential violations of privileges and rights, (5) both improperly denied Field and his clients their federal and state constitutional rights, (6) both improperly applied the burden of proof with regard to Field's constitutional arguments, and (7) the court, *J. Walsh, J.,* failed to furnish an adequate record of the proceedings.

The appellee, First Trust National Association, as trustee (First Trust), argues (1), that should this court find that this appeal is moot, the "capable of repetition, yet evading review" exception is justification for reviewing the appeal, (2) that Field lacks standing to appeal

[1] Lord Byron, Hebrew Melodies, "The Destruction of Sennacherib."

the trial court's order in that he is not a party to the underlying action, and (3) that this court lacks subject matter jurisdiction in that the trial court's order is not a final judgment for purposes of an appeal.

The following facts provide context for appellate review. The underlying action, commenced in February, 1993, involves the foreclosure of a residential mortgage. While Field is not a party to that action, he represented at least one of the defendants at the time the mortgage note was executed.[2] In response to special defenses filed by Barbara Izzo and Alphonse Izzo, First Trust commenced discovery proceedings to determine the details and extent of an alleged fraud. As a result of information gleaned from other proceedings, First Trust claims to have determined that moneys were given to and retained by Field.

First Trust served Field with a notice of deposition and a subpoena duces tecum and deposed him on three occasions. During the depositions, Field advanced claims of attorney-client privilege, personal privacy rights, and a fifth amendment right against self-incrimination.[3] First Trust then served a notice of depo-

---

[2] The defendants in the foreclosure action are William Hitt, Barbara Izzo and Alphonse Izzo. The Izzos allegedly sold their interest in the real property to Hitt on July 10, 1991, at which time Hitt mortgaged the property to the Prudential Home Mortgage Company. The Izzos contend that they rescinded the transaction within forty-eight hours. Field was present during the transaction and the Izzos claim that he was their attorney at that time. Field claims that he represented Hitt and not the Izzos during that transaction.

The Izzos filed eight special defenses alleging, inter alia, fraud, lack of title in Hitt, and rescission. Hitt filed special defenses alleging laches, a violation of the truth in lending law, and lack of mitigation. He also filed a counterclaim alleging eight causes of action against the Izzos. Prudential Home Mortgage Company assigned its interest to the appellee First National, as trustee.

[3] Field did not appear at the first deposition and, although he presented himself at the rescheduled deposition, he failed to bring all of the documents that First Trust requested. At no time did Field file a motion to quash this subpoena.

sition and a subpoena duces tecum on an officer of Shawmut Bank for certain of Field's trustee bank records. The notice and subpoena also were served on Field pursuant to General Statutes § 36-9*l*.[4] In response to the subpoena, Field filed a motion for a protective order,[5] which the trial court denied. Although he was not present at the hearing when the motion was denied, the trial court permitted him to argue at a subsequent hearing on the protective order. The court again denied the motion and Field appealed. At oral argument in this court, it was agreed by Field and First Trust that Shawmut Bank had complied with the subpoena and that all records sought under that subpoena were in the possession of counsel for First Trust.

Mootness implicates the jurisdiction of this court, and we first determine whether this appeal is moot.[6] *Good-*

[4] General Statutes § 36-9*l* provides in pertinent part: "(a) [A] financial institution shall disclose financial records pursuant to a lawful subpoena, summons, warrant or court order served upon it if the party seeking the records causes such subpoena, summons, warrant or court order or a certified copy thereof to be served upon the customer whose records are being sought, at least ten days prior to the date on which the records are to be disclosed, provided a court of competent jurisdiction, for good cause, may waive service of such subpoena, summons, warrant or court order, or certified copy thereof, upon such customer. . . .

"(b) A customer of a financial institution shall have standing to challenge a subpoena of his financial records, by filing an application or motion to quash in a court of competent jurisdiction within the ten-day notice period required by subsection (a) of this section. Upon the filing of such application or motion by the customer, and service of such application or motion upon the financial institution and the person issuing the subpoena, production of the records shall be stayed, without liability to the financial institution, until the court holds a hearing on the motion or application and an order is entered sustaining, modifying or quashing the subpoena. . . . ."

[5] General Statutes § 36-9*l* requires that an application or motion to quash be filed, rather than a motion for protective order. See footnote 4. Because, however, the trial court and parties treated Field's motion for protective order as a motion to quash, we will do so as well.

[6] Prior to oral argument, First Trust filed a motion to dismiss the appeal for lack of a final judgment, which motion was denied by this court. In its brief and at argument of the appeal itself, First Trust again seeks a dis-

son v. *State,* 228 Conn. 106, 114, 635 A.2d 285 (1993). "It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In the absence of an actual and existing controversy for us to adjudicate . . . the courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law . . . and where the question presented is purely academic, we must refuse to entertain the appeal. . . ." (Citations omitted; internal quotation marks omitted.) *Delevieleuse* v. *Manson,* 184 Conn. 434, 436, 439 A.2d 1055 (1981). Because the subpoena in this case has been complied with, no practical relief can follow from this appeal. We therefore conclude that the appeal is moot.

A well established exception to the mootness rule is where the issue is "capable of repetition, yet evading review." *Southern Pacific Terminal Co.* v. *Interstate Commerce Commission,* 219 U.S. 498, 515, 31 S. Ct. 279, 55 L. Ed. 310 (1911). Appeals that fit within the exception are those in which the challenged action is "in duration too short to be fully litigated prior to its cessation or expiration . . . and there was reasonable expectation that the same complaining party would be subjected to the same action again." (Internal quotation marks omitted.) *Board of Education* v. *Board of Labor Relations,* 205 Conn. 116, 126, 530 A.2d 588 (1987).

"The time dimension that the name of the exception implies is necessary but not itself sufficient to invoke our appellate jurisdiction. Rather, we must look to addi-

missal on the ground of the lack of a final judgment. We do not reach this question because of our conclusion that the appeal is moot.

tional factors to determine whether we should decide the issue even though it may have no immediate practical consequences to a party. . . . Some of those factors include whether the issue (1) could affect an ongoing program of the state penal or civil system, (2) could affect the complaining party in the future, and (3) involves a matter of public importance. . . . No one factor is controlling, nor must all of the above factors be present. To decide the applicability of the exception, we must instead review the circumstances of each case." (Citations omitted.) *Goodson* v. *State,* supra, 228 Conn. 115.

Like mootness, the capable of repetition, yet evading review exception is fact sensitive. Therefore, in our inquiry to decide whether circumstances mitigate in favor of reviewing an appeal under the exception, we must place the facts of the case against the template of *Goodson* and its progenitors.

This appeal is in a curious position in that both the appellant and the appellee urge the court to review the appeal under the capable of repetition, yet evading review exception to the mootness rule. In support of its suggestion that the appeal is reviewable, First Trust states, in an allegation bare of any evidence, analysis or claims of law, that "the trial court's ruling and its application of General Statutes § 36-9*l* could potentially have a significant effect on the way in which civil litigation in general, and the pretrial process in particular, is conducted in this state." The lack of authority or reasoning relating to this assertion leaves us unpersuaded that this issue implicates a matter of public importance.

It is also difficult for us to discern how our decision that the appeal is moot could affect the complaining party in the future. Shawmut already has given all of Field's checks to First Trust. At argument, First Trust

alluded to the possibility of a future interest in "wire transfers in Field's account." This allusion, standing alone, does not allow us to conclude that there is a likelihood of any effect on Field in the future, or that he will be unable to seek or obtain relief under § 36-9*l*.

We conclude that there is no justification to review this appeal under the capable of repetition, yet evading review exception to the mootness doctrine. Because there no longer exists an actual controversy between the participants and this court can no longer provide any practical relief, we conclude the appeal is moot.

The appeal is dismissed.

In this opinion the other judges concurred.