[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION RE: MOTION TO STRIKE (#156 and (#160)
The plaintiff, Allen Buitekant, filed a five-count, third amended complaint dated September 27, 1995, against defendants Zotos Corporation (Zotos), Zotos International (ZI), and Shiseido Company Limited (Shiseido), the sole owner of Zotos and ZI, for actions arising from an alleged contract relating to the plaintiff's employment with Zotos, and Zotos' predecessor ZI. The CT Page 1331-YYYY plaintiff alleges that in June 1992, the president and CEO of Zotos "offered in writing to pay the plaintiff one year's compensation in the event that the plaintiff became terminated from his employment for any reason other than maleficence." (Third Amended Complaint, ¶ 11.) The plaintiff accepted the offer, but was terminated on October 6, 1992, "for reasons other than the plaintiff's maleficence" and Zotos has not paid the plaintiff one year's compensation. (Complaint, ¶¶ 13-15.) The first count alleges breach of contract against Zotos, the second count alleges tortious interference with contract against Shiseido, the third alleges breach of contract against Shiseido, the fourth alleges a breach of covenant of good faith and fair dealing against Zotos and Shiseido, and the fifth alleges a failure to pay fringe benefits against both companies pursuant to General Statutes § 31-72. The defendants Zotos and ZI filed a revised answer, special defense and counterclaim dated February 13, 1995.
The plaintiff filed a motion to strike (#156) Zotos and ZI's first special defense (mitigation of damages), and count two of their counterclaim and claim by way of recoupment (breach of fiduciary duty) on June 7, 1995 on the grounds that each is legally insufficient. Zotos and ZI filed an objection to the motion on June 29, 1995. Shiseido filed a motion to strike (#160) the second and fourth counts of the plaintiff's complaint on June 29, 1995, on the grounds that each is legally insufficient, and the plaintiff filed an objection on September 28, 1995.
The motions to strike were directed at the second amended complaint. On September 28, 1995, the defendant filed a request for leave to amend the complaint. On October 23, 1995, Judge Nadeau overruled Shiseido's objection to the request for leave to amend. Therefore, the third amended complaint is the operative complaint in the action, and the court will consider each motion as corollary count in the third amended complaint.
"The purpose of a motion to strike is to contest. . . the legal sufficiency of the allegations of any complaint. . . to state a claim upon which relief can be granted. In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." (Internal quotation marks omitted.)Novametrix Medical Systems v. BOC Group, Inc., 224 Conn. 210, 214-15,618 A.2d 25 (1992). "This includes the facts necessarily implied and fairly provable under the allegations. . . . It does not include, however, the legal conclusions or opinions stated in CT Page 1331-ZZZZ the complaint. . . ." S.M.S. Textile v. Brown, Jacobson,Tillinghast, Lahan and King P.C., 32 Conn. App. 786, 796,631 A.2d 340 (1993).
I. Plaintiff's Motion to Strike #156
A. Special Defense
Zotos and ZI's special defense alleged, "[u]pon information and belief, plaintiff has failed to mitigate his damages by not making reasonable efforts to obtain comparable employment."
The plaintiff first argues that Practice Book § 164 does not permit a special defense of mitigation of damages because it is not among the special defenses enumerated in the section. The plaintiff also argues that mitigation of damages seeks to diminish the plaintiff's award but does not allege that the plaintiff has no cause of action. The defendants argue that courts have permitted defendants to allege failure to mitigate damages as a special defense.
Practice Book § 164 provides, in pertinent part, "[f]acts which are consistent with such statements but show, notwithstanding, that he has no cause of action, must be specially alleged." The defendants point to several opinions in which the court has noted a special defense of mitigation of damages. Preston v. Keith,217 Conn. 12, 20 n. 9, 584 A.2d 1157 (1991) (discussing case where defendant invoked failure to wear seat belt as mitigation of damages in special defense); Mauro v. Yale New Haven Hospital,31 Conn. App. 584, 593, 627 A.2d 443 (1993) (special defense that plaintiff aggravated medical condition entitled defendant to jury charge on mitigation of damages); First Trust National Associationv. Hatt, 36 Conn. App. 171, 173 n. 2, 649 A.2d 798 (1994) (listing defendant's special defenses, including mitigation of damages.) One court denied a plaintiff's motion to strike defendant's special defense of mitigation of damages, reasoning that Practice Book § 164 is permissive, not mandatory, and special defenses are proper when they explain general denials and apprise the plaintiff of issues in the case. Barfield v. Gasparri, Superior Court, Judicial District of Waterbury, Docket No. 111081 (October 12, 1993, Sylvester, J.,8 CSCR 1132) citing Glover v. Sheldon, 14 Conn. Sup. 271, 272
(Super.Ct. 1946); Wilmot v. McPadden, 78 Conn. 276, 281-82,61 A. 1069 (1905). Therefore mitigation of damages is properly pled as a special defense. CT Page 1331-AAAAA
The plaintiff also argues that mitigation of damages is a non sequitur in this action because the action involves breach of a severance contract in which the defendants agreed to pay the plaintiff one year's compensation in the event that the plaintiff was terminated for any reason other than maleficence. Therefore, the plaintiff argues, Zotos would be liable for the full year's compensation regardless of whether or not the plaintiff secured alternate employment the day following his discharge. The defendants argue that the plaintiff, in its fourth count for breach of covenant of good faith and fair dealing, alleges damages based on "interference with his ability to obtain substitute employment," which the defendants argue would require mitigation pursuant toCarter v. Bartek, 142 Conn. 448, 114 A.2d 923 (1955), an action on an employment contract in which the court allowed for mitigation of damages.
The allegation provides, "[a]s a further result of Shiseido's interference with the severance agreement, the plaintiff has suffered severe emotional and physical distress, embarrassment, disgrace, humiliation, interference with his ability to obtain substitute employment and damage to his sense of personal worth." (Third Amended Complaint, ¶ 24.) The allegation is incorporated into the fourth count as against Zotos and ZI.
"[O]ne injured by the tort of another is not entitled to recover damages for any harm that he could have avoided by the use of reasonable effort or expenditure after the commission of the tort." Restatement (Second), Torts § 918(1) (1977). The Restatement makes an exception if the tortfeasor intended the harm. Restatement (2nd) of Torts § 918(2). Furthermore, "a duty to mitigate damages, can, if a proper factual basis is established at trial, be a partial defense to claims of breach of contract, negligence and breach of fiduciary duty." BB Corp. v. LafayetteAm. Bank/Trust, Superior Court, Judicial District of Fairfield at Bridgeport, Docket No. 309876 (May 20, 1994, Fuller, J., 11 Conn. L. Rptr 526); see also Preston v. Keith, supra, 217 Conn. 20 n. 9 (mitigation of damages in motor vehicle negligence action); Town ofNewington v. General Sanitation Service Co., 193 Conn. 81,491 A.2d 363 (1985) (duty to mitigate damages in breach of contract action). The plaintiff alleges that the breach of good faith was intentional. (Complaint, ¶ 21). The defendant has not provided authority, and the court can find no case in which a duty to mitigate is imposed in an intentional breach of good faith claim' alleging emotional harm. Furthermore, it is not clear that the CT Page 1331-BBBBB damage alleged in that phrase is attributed to Zotos and ZI. Accordingly, the motion to strike the special defense is granted.
2. Counterclaim
The defendants filed a counterclaim and claim for recoupment on the ground that while acting as vice president of Zotos, the plaintiff engaged in highly offensive conduct directed at or, in the presence of, Zotos and ZI's employees. (Counterclaim ¶ 3.) As a result of the plaintiff's conduct Zotos made payments in settlement of an employee's claim stemming from the plaintiff's conduct. (Counterclaim ¶ 4.) The defendants allege the plaintiff exposed the defendants to further liability. (Counterclaim ¶ 8.) The defendants claim indemnity and breach of fiduciary duty.
The plaintiff argues that the defendants failed to state a claim for breach of fiduciary duty because they do not allege that the plaintiff committed a breach of trust or a breach of duty of loyalty to the defendants, nor do they allege that the plaintiff intended to or did obtain any tangible benefit as a result of his behavior. The defendants argue that Delaware law controls the issue, and that the defendants alleged a breach of the fiduciary duty of care.
"In general, the law of the State of incorporation is held to govern the liabilities of officers or directors to the corporation and its stockholders." Shaffer v. Heitner, 433 U.S. 186, 215 n. 44,97 S.Ct. 2569, 53 L.Ed. 683 (1976); see also Restatement (Second), Conflict of Laws § 309 (1979). Delaware law is controlling.
Corporate officers and directors owe a corporation and its minority shareholders a fiduciary duty. Singer v. Magnavox,380 A.2d 969, 976-7 (Del. 1977). Fiduciaries owe duties of good faith, loyalty and due care. Cede Co. v. Technicolor. Inc.,634 A.2d 345, 361 (De. 1993). The duty of care standard mandates that fiduciaries are bound to use that amount of care which ordinarily careful and prudent men would use in similar circumstances. Grahamv. Allis-Chalmers Manufacturing Company, 188 A.2d 125, 130
(Del.Ch. 1963). The defendant alleged that "the plaintiff failed to exercise due care and prudence for the best interests of the company." (Counterclaim, Count Two ¶ 9.) The defendants Zotos and ZI have alleged that the plaintiff did not exercise due care, and therefore has stated a cause of action for breach of a director's fiduciary duty of care. CT Page 1331-CCCCC
II. Motion to Strike #160
Defendant Shiseido moved to strike the claim of tortious interference with contract, which is alleged in count two of the third amended complaint. Shiseido argues that because it is the sole owner of Zotos and ZI, it is indirectly a party to the contract and therefore cannot be held liable for tortious interference with contract.
The plaintiff responds that a parent corporation's immunity from liability is a qualified immunity which is limited if the parent company acted willfully or in bad faith.
Generally, "there can be no intentional interference with contractual relations by someone who is directly or indirectly a party to the contracts." Multi-Service Contractors, Inc. v.Vernon, 193 Conn. 446, 451, 477 A.2d 653 (1984); Selby v.Pelletier, 1 Conn. App. 320, 327 n. 4, 472 A.2d 1285 (1984); Baum v.United Cable Television, Superior Court, Judicial District of Tolland at Rockville, Docket No. 044673 (July 20, 1992, Dunn, J.,2 Conn. L. Rptr. 515). However, "a party cannot be held to be tortiously interfering with a contract between a subsidiary and a third party, where it has a legitimate economic stake to look after." Hartford Provision Co. v. First National Supermarkets,
Superior Court, Judicial District of Danbury, Docket No. 301746 (Oct. 7, 1994, Flynn, J., 12 Conn. L. Rptr. 550), citing, AmericanProtein Corp. v. A.B. Volvo, 844 F.2d 56, 63 (2d Cir. 1988). The court in American Protein Corp. held "the plaintiff could not recover unless it established that the defendant's actions were motivated by malice toward the plaintiff rather than by the presence of its own economic interest." (Internal citations omitted.) Id. The court continues "individuals with an economic stake in the business of another may interfere with a contract that the other business has with a third person if the purpose is to protect the individual's own stake." Id. The issue, then, is whether the interference was brought about by an improper motive. The plaintiff alleges, "Shiseido's interference . . . were intentional, willful, improper, malicious, extreme and outrageous." (Complaint, ¶ 21.) Accordingly, the plaintiff has alleged sufficient facts to state a claim of tortious interference.
The defendant next argues that the plaintiff failed to allege specific facts demonstrating that the alleged interference was tortious. The third amended complaint added the above-quoted paragraph which was not in the second amended complaint. The above CT Page 1331-DDDDD paragraph alleges that the interference was tortious and therefore, Shiseido's motion to strike is denied.
KARAZIN, J.