## B AND D ASSOCIATES ET AL. *v.* BOARD OF EXAMINERS FOR PROFESSIONAL ENGINEERS AND LAND SURVEYORS
## (14804)

O'Connell, Lavery and Hennessy, Js.

Argued March 29 and May 6—officially released June 25, 1996

*Richard E. Blodgett, Jr.,* pro se, and *William H. Douglass,* pro se, the appellants (plaintiffs).

---

*Neil G. Fishman*, assistant attorney general, with whom, on the brief, was *Richard Blumenthal*, attorney general, for the appellee (defendant).

O'CONNELL, J. The plaintiffs appeal from the trial court judgment dismissing their petition for a declaratory judgment. The plaintiffs claim that the trial court improperly (1) held that they had failed to exhaust their administrative remedies and (2) denied their postjudgment motions. We do not rule on these claims and, instead, as a result of events that occurred while the appeal was pending, dismiss the appeal as moot.

The factual and procedural history necessary to our disposition of this appeal is as follows. The plaintiffs are B & D Associates, a partnership, and Richard E. Blodgett, Jr., and William H. Douglas, its general partners. The defendant is the board of examiners for professional engineers and land surveyors (board).

The department of consumer protection[1] received a complaint from the Connecticut Association of Land Surveyors that the plaintiffs were engaging in unlicensed land surveying. The complaint was referred to the board, which brought an administrative action against the plaintiffs to obtain an order that they discontinue land surveying. Before a hearing was held on that complaint, the plaintiffs requested that the board issue a declaratory ruling on the applicability of the land surveying licensing statute; General Statutes § 20-302;[2]

---

[1] General Statutes § 20-300 provides in relevant part: "There shall be in the department of consumer protection a State Board of Examiners for Professional Engineers and Land Surveyors . . . ."

General Statutes § 21a-6 provides in relevant part: "The following boards shall be within the department of consumer protection . . . . (8) The State Board of Examiners for Professional Engineers and Land Surveyors established under chapter 391 . . . ."

[2] General Statutes § 20-302 provides in pertinent part: "No person shall practice or offer to practice the profession of engineering in any of its branches, including land surveying . . . unless he has been licensed or exempted under the provisions of this chapter. . . ."

to their activities. On September 29, 1994, the board notified the plaintiffs that it had declined to issue a declaratory ruling because it preferred to consider the statute's applicability at the administrative hearing on the complaint.

The plaintiffs then brought the matter to the Superior Court in an action for a declaratory judgment. The trial court concluded that the board's response was a proper resolution of the plaintiffs' request and that, until the board acted at the time of the hearing, the plaintiffs had not exhausted their administrative remedies.[3] Because the board had not yet held its hearing, the trial court dismissed the plaintiffs' declaratory judgment action.

The plaintiffs appealed the dismissal to this court. At the appellate hearing, we learned that while the appeal was pending, the board had held its administrative hearing and issued findings of facts and conclusions of law. We continued the matter and gave the parties an opportunity to brief the issue of whether the board's decision on the underlying complaint rendered this appeal moot.[4]

Following a resumed appellate hearing and after an examination of the board's findings of fact and conclusions of law, it became clear that the plaintiffs have an answer as to whether, in the board's opinion, their conduct violated § 20-302. The board detailed the acts that it found that the defendant had performed and concluded that the plaintiffs had practiced land survey-

---

[3] The trial court found as follows: "[F]ar from deciding not to issue a declaratory ruling under General Statutes § 4-176 (e) (5), the board's action really constituted a proper election under General Statutes § 4-176 (e) (2). In particular the board ordered that [the plaintiffs'] complaint for declaratory relief be heard and decided when it holds the administrative hearing on the complaint."

[4] We also ordered briefing on an issue of appellate procedure. Our disposition of this appeal as moot makes it unnecessary to discuss the procedural issue.

ing in violation of § 20-302. Whether we agree with the board's conclusions of law is not before us because this is not an administrative appeal from the defendant's decision pursuant to General Statutes § 4-183.

" 'It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In the absence of an actual and existing controversy for us to adjudicate . . . the courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law . . . and where the question presented is purely academic, we must refuse to entertain the appeal.' . . . *Delevieleuse* v. *Manson*, 184 Conn. 434, 436, 439 A.2d 1055 (1981)." *Goodson* v. *State*, 228 Conn. 106, 114–15, 635 A.2d 285 (1993), on appeal after remand, 232 Conn. 175, 653 A.2d 177 (1995).

Courts are established to decide actual controversies and an appellate court has no jurisdiction to adjudicate cases that are not justiciable. *State* v. *Nardini*, 187 Conn. 109, 111, 445 A.2d 304 (1982). An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. " 'When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot.' " (Internal quotation marks omitted.) *Loisel* v. *Rowe*, 233 Conn. 370, 378, 660 A.2d 323 (1995), quoting *In re Romance M.*, 229 Conn. 345, 357, 641 A.2d 378 (1994). The plaintiffs requested that the board rule on the applicability of § 20-302 to their conduct. Because the board has ruled that the plaintiff's

conduct constituted land surveying in violation of § 20-302, there is no practical relief that we can afford the plaintiff.

The appeal is dismissed as moot.

In this opinion the other judges concurred.