[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
Memorandum Dated June 19, 1997
On September 7, 1994, the plaintiff, Elaine F. Verderame, appealed the Town of West Haven Planning and Zoning Commission's August 9, 1994 decision to grant A A Enterprises' application for a change of zone. The purpose of the application was to designate properties known as 326, 330, 334, 344 and 348 Washington Avenue in West Haven from R-3 (residential) to C-5 (commercial). The plaintiff claims that she is aggrieved because she owns land within a 100 feet radius from the property at issue. She also contends, inter alia, that the defendant did not provide notice as required by General Statutes § 8-3 (a) and (d).
On May 2, 1997, defendant A A Enterprises filed a motion to dismiss on the ground that the court lacks jurisdiction. In its supporting memorandum of law, the defendant claims the case is moot because the City of West Haven amended its zoning regulations on March 14, 1995, and that the subject was then designated a commercial zone.
In its supporting memorandum of law, the plaintiff claims that dismissal on the ground of mootness would be premature because the plaintiff in Jimmies, Inc. v. West Haven, Superior Court at New Haven, Docket No. 373221, has filed a petition for review before the Appellate Court. In that case, the court, Blue, J., dismissed Jimmies' appeal contesting the validity of West Haven's zoning regulations [19 CONN. L. RPTR. 126]. The plaintiff states that if the Appellate Court sustains Jimmies' appeal, the subject property will revert to a residential classification, thus rendering this matter actionable. The plaintiff notes that the court, Blue, J., in the related case of Verderame v. West Haven, Superior Court at New Haven, Docket No. 0374148, also upheld the City of West Haven's amended zoning regulations and that the Appellate Court denied her petition for review.
"A possible absence of subject matter jurisdiction must be addressed and decided whenever the issue is raised. The parties cannot confer subject matter jurisdiction on the court, either by waiver or by consent . . . Ordinarily, a challenge to the court's CT Page 6426 jurisdiction is raised by the filing of a motion to dismiss. However, [w]henever a lack of jurisdiction to entertain a particular proceeding comes to a court's notice, the court can dismiss the proceeding upon its own motion." Jolly, Inc. v. ZoningBoard of Appeals, 237 Conn. 184, 192-193, 676 A.2d 831 (1996).
Mootness implicates the subject matter jurisdiction of the court. Ayala v. Smith, 236 Conn. 89, 93, 671 A.2d 345 (1996); FirstTrust National Assn. v. Hitt, 36 Conn. App. 171, 174, 649 A.2d 798
(1994). The court will not decide questions where there exists no actual controversy or where no actual or practical relief can follow from our determination. Sobocinski v. Freedom of InformationCommission, 213 Conn. 126, 134, 566 A.2d 703 (1989). "An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal." Id. at 135. Moreover, "[w]hen, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." Loisel v. Rowe, 233 Conn. 370, 378, 660 A.2d 323
(1995).
The court cannot grant any practical relief in this matter. The relief originally sought by the plaintiff in her appeal was a decision reversing the City of West Haven's approval of change of zone from residential to commercial. Under the amended zoning regulations, the subject area is now zoned as commercial. Challenges to the City of West Haven's amended zoning regulations have been dismissed by the Superior Court. On May 11, 1997, the Appellate Court denied the petition filed by Jimmies. Therefore, the plaintiff's claims are moot, and the court is deprived of subject matter jurisdiction.
CURRAN, J.T.R.