## STANTON ZEBROSKI ET AL. *v.* MARINA BAY ASSOCIATION, INC., ET AL.
### (AC 17385)

O'Connell, C. J., and Lavery and Spear, Js.

Argued June 3—officially released July 28, 1998

*David J. Ordway,* for the appellants (plaintiffs).

*Jeffrey W. Kennedy,* for the appellees (defendants).

*Opinion*

O'CONNELL, C. J. The plaintiffs instituted this action against the defendant Marina Bay Association, Inc. (association),[1] alleging that the association wrongfully withheld proceeds from a check issued by its common elements insurer for water damage sustained by the plaintiffs' residence in unit seventy-three of the association. In connection with the action, the plaintiffs applied for a prejudgment remedy.

In their complaint, the plaintiffs alleged that the plaintiff Stanton Zebroski was the constructive and beneficial owner of unit seventy-three.[2] The association moved to dismiss the prejudgment remedy application, claiming that the plaintiffs lacked standing because they were not the record owners of unit seventy-three. The trial court granted the motion, and the plaintiffs now appeal from the trial court's dismissal of their application for a prejudgment remedy. We dismiss the appeal as moot.

In their brief, the plaintiffs state that the issue on appeal is whether the trial court improperly concluded that the plaintiffs lacked standing to seek insurance

---

[1] Sequoia Property Management Corporation, employed by the association as its property manager, is also a defendant in this action.

[2] Stanton Zebroski's wife, Sylvia Zebroski, is the other plaintiff in this action. In addition to alleging that Stanton was the constructive and/or beneficial owner of the unit, the plaintiffs alleged that they were both in possession and occupancy of the unit.

moneys paid to the defendants for repairs to unit seventy-three because neither plaintiff was the record title owner of unit seventy-three. During oral argument before this court, the plaintiffs informed us that subsequent to the taking of this appeal, they acquired record title in fee simple to unit seventy-three. Accordingly, the grounds on which the trial court denied the application no longer exist. For us to adjudicate whether condominium occupants who possess only beneficial and not legal ownership of their units have standing to seek a prejudgment remedy would be an academic exercise.

"It is a well-settled general rule that the existence of an actual controversy is an essential requisite to appellate jurisdiction; it is not the province of appellate courts to decide moot questions, disconnected from the granting of actual relief or from the determination of which no practical relief can follow. . . . In the absence of an actual and existing controversy for us to adjudicate . . . the courts of this state may not be used as a vehicle to obtain judicial opinions upon points of law . . . and where the question presented is purely academic, we must refuse to entertain the appeal. . . . *Goodson* v. *State*, 228 Conn. 106, 114–15, 635 A.2d 285 (1993), on appeal after remand, 232 Conn. 175, 653 A.2d 177 (1995).

"Courts are established to decide actual controversies and an appellate court has no jurisdiction to adjudicate cases that are not justiciable. *State* v. *Nardini*, 187 Conn. 109, 111, 445 A.2d 304 (1982). An actual controversy must exist not only at the time the appeal is taken, but also throughout the pendency of the appeal. When, during the pendency of an appeal, events have occurred that preclude an appellate court from granting any practical relief through its disposition of the merits, a case has become moot." (Citation omitted; internal quotation marks omitted.) *B & D Associates* v. *Board of Examiners for Professional Engineers & Land Surveyors*, 41

Conn. App. 827, 830, 677 A.2d 982 (1996). When the plaintiffs acquired record title to unit seventy-three, the issue of the right of a beneficial condominium owner to obtain a prejudgment remedy became academic. At best, a decision by this court on that issue would be an advisory opinion for other similarly situated condominium owners.

The appeal is dismissed as moot.

In this opinion the other judges concurred.