[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
CT Page 8126
This is a motion for post-judgment interest pursuant to § 37-3b of the Connecticut General Statutes.
By way of background, on May 10, 2000, the jury in the above-entitled action returned a verdict for the plaintiff in the amount of $8300.
On June 21, 2000 a hearing was held with respect to a request by the defendant for a collateral source reduction and a request for an additur by the plaintiff. At that hearing, the court allowed a collateral source reduction for the defendant reducing the jury verdict to $7,804.25. In addition, the court granted an additur of $3000.
Initially, this order was entered on a printed form entitled "Final Judgment" which was submitted to the clerk's office. The clerk correctly refused to code the form and on July 6, 2000 a proper order was entered pursuant to § 52-216a of the Connecticut General Statutes which indicated the additur of $3000 to the verdict and allowed the defendant the opportunity to file a refusal to the additur before July 28, 2000.
On July 28, 2000, the defendant refused the order of additur and on August 1, 2000, in response to that rejection, the court set aside the verdict and ordered a new trial. On August 15, 2000, the defendant filed an appeal limited to the courts ordering of the $3000 additur. The appeal was successful and as a result of instructions received from the Appellate Court, on November 6, 2001, a final judgment was entered in the amount of $7,804.25.
The plaintiff is claiming post-judgment interest on the basis that the order entered on July 21, 2000, was for the ultimately uncontested amount of $7,804.25, and that represented the final judgment. They further claimed that no appeal would have been permissionable unless it had been filed pursuant to a final judgment.
In Stern v. Allied Van Lines, Inc., Supreme Court determined both issues raised by the plaintiff concerning the status of the court's action. In Stern, the court ordered an additur which was rejected and resulted in the court setting aside the verdict and ordering a new trial, from which the defendants filed an appeal. The court held that the trial court's decision in setting aside the verdict and ordering a new trial with respect to an additur was not a final judgment. However, it further held that an appeal could be filed pursuant to § 52-263 of the Connecticut General Statutes which specifically provided for an CT Page 8127 appellant challenge to the setting aside of a verdict in the ordering of a new trial.
As the court in the present case set aside the verdict and ordered a new trial on August 1, 2000, which was not a final judgment, the plaintiff's rely on Bowers v. D'Onfro, 45 Conn. App. 543 (1997) which indicated that the start of post-judgment interest, in that case, began on the date the court entered final judgment for the plaintiffs. It is the opinion of this court that the Bowers decision does not apply in this particular case under these particular circumstances.
In Stern, the Supreme Court reviewed the legislative history concerning the procedures with respect to a court increasing or decreasing the amount of a verdict. The Court noted that, in fact, there are two separate and distinct procedures available. One is to have the verdict set aside pursuant to Connecticut General Statutes § 52-228b, which was the issue in the Stern case. The other procedure, pursuant to Connecticut General Statutes § 52-228a, allows a party to simply appeal the increase or the decrease in the amount of the judgment, which was the situation in the present case.
Section 37-3b of the Connecticut General Statutes provides for interest at the rate of ten percent a year to be recovered and allowed in a negligence action, twenty days after the date of the judgment or ninety days after the date of a verdict, which ever is earlier, upon the amount of the judgment.
 "It is a cardinal rule of construction that statutes are to be construed so that they carry out the intent of the legislature. This intent is to be ascertained from the language of the statute itself, if the language is plain and unambiguous." Misiurka v. Maple Hill Farms, Inc., 15 Conn. App. 381, 386.
It is obvious that the legislature intended a party to begin payment of interest when it becomes judicially obligated to do so and that a reference to a judgment is not necessarily a reference to a formally entered final judgment.
The question then becomes what is the date of that final determination to apply post-judgment interest. The defendants submit that it cannot begin to accrue until the court entered a final judgment on November 6, 2001 and the plaintiff's claim that it is June 21, 2000, the date the court entered the amount of money which was not subject to the appeal process. CT Page 8128
A final judgment has been held to consist of that status when the rights of the parties have been concluded and further proceedings cannot effect them. Stern v. Allied Van Lines, Inc., 246 Conn. 170-183 (1998),Goodson v. State, 228 Conn. 106, 114, 635 A.2d 285 (1993). In RE Shamika256 Conn. 383 (2001).
As was indicated, the final order of the trial court before the filing of the appeal was the setting aside of the verdict and the ordering of a new trial. However, it would appear that utilizing § 52-228a of the Connecticut General Statutes to only challenge the addition or reduction of a verdict, whether intended or not, nullifies the order of the court with respect to reopening the judgment and ordering a new trial.
It is the opinion of the court that the verdict actually became final for purposes of post-judgment interest on August 15, 2000, the date the defendants filed an appeal and, in effect, nullified the courts setting aside of the verdict and ordering a new trial.
Therefore, interest in the amount of ten percent shall accrue to the defendants twenty days from August 15, 2001 to the date of payment. The court will further note that the § 37-3b of the Connecticut General Statutes provides for ten percent interest ninety days from the date of the verdict, if earlier than twenty days from the date of the judgment. In this particular case the final verdict was determined by the court on July 6, 2000, ninety days from which would be beyond the date interest accrues from the date of the judgment.
BY THE COURT
Gilardi, J.