STEVEN GOODSON ET AL. *v.* STATE OF CONNECTICUT
(15055)

CALLAHAN, NORCOTT, PALMER, F. X. HENNESSY and M. HENNESSEY, Js.

Argued November 29, 1994—decision released February 7, 1995

---

*Thadd A. Gnocchi,* assistant attorney general, with whom, on the brief, were *Richard Blumenthal,* attorney general, and *Charles A. Overend,* assistant attorney general, for the appellant (state).

*Bruce M. Grimm,* with whom, on the brief, were *Albert J. McGrail* and *Robert McNamee,* legal intern, for the appellees (plaintiffs).

CALLAHAN, J. The dispositive issue in this appeal is whether the trial court lacked subject matter jurisdiction to have considered a petition, pursuant to General Statutes § 52-422 of chapter 909, entitled "Arbitration Proceedings,"[1] requesting an order reinstating the named plaintiff, Steven Goodson, to his position as a state correction officer pending the resolution of the

---

[1] General Statutes § 52-422 provides: "ORDER PENDENTE LITE. At any time before an award is rendered pursuant to an arbitration under this chapter, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when said court is not in session, any judge thereof,

grievance procedure established by a collective bargaining agreement for terminated employees. We conclude that the trial court lacked jurisdiction to have considered the petition.

The facts are undisputed. On May 12, 1992, the defendant, the state of Connecticut, terminated Goodson from his employment as a correction officer at the John R. Manson Youth Institution, a state correctional facility. Goodson and his collective bargaining agent, the plaintiff American Federation of State, County and Municipal Employees, Local 387 (union), challenged the termination by filing a grievance pursuant to the collective bargaining agreement then in effect between the union and the defendant.[2]

---

upon application of any party to the arbitration, may make forthwith such order or decree, issue such process and direct such proceedings as may be necessary to protect the rights of the parties pending the rendering of the award and to secure the satisfaction thereof when rendered and confirmed.''

[2] The relevant portions of the collective bargaining agreement relating to the grievance procedure provide: ''ARTICLE 12 GRIEVANCE PROCEDURE . . . .

''SECTION SIX. THE GRIEVANCE PROCEDURE. STEP I. A grievance may be submitted within the fifteen (15) day period specified in Section Five to the employee's first supervisor in the chain of command who is outside the bargaining unit. The institution head, warden, or designee shall meet with the steward or Union Executive Board member and/or the grievant and issue a written response within seven (7) days after such meeting. The meeting shall take place and the written response issued not later than ten (10) days from the date of receipt.

''STEP II. When the answer at Step I does not resolve the grievance, it shall be submitted to the Commissioner of Corrections or his/her designee within five (5) days of the due date of the previous response. Within fourteen (14) days after receipt of the grievance, a meeting will be held with the employee and/or a union representative and a written response issued within five (5) days thereafter. The grievant may be represented by the persons already designated at Step I and the local union president or his/her designee, but in no event more than two (2) representatives.

''STEP III. Director of Personnel and Labor Relations or Designee. An unresolved grievance may be appealed to the Director of Personnel and Labor Relations within seven (7) days of the date that the Step II response is due. Said Director or his/her designated representative shall hold a conference within forty-five (45) days of receipt of the grievance and issue a

On July 9, 1992, the plaintiffs brought a petition in the trial court, pursuant to § 52-422, seeking an order reinstating Goodson as an employee pending the disposition of the grievance. At the time the plaintiffs brought their petition, the parties were awaiting a conference with the director of personnel and labor relations provided for by Step III of the grievance procedure; see footnote 2; which was scheduled for August 18, 1992. The parties had not yet begun arbitration, which was to be the next phase of the grievance procedure. See footnote 2. On August 6, 1992, after a hearing on the plaintiffs' petition, the trial court ordered that Goodson be reinstated temporarily until September 3, 1992, and rendered judgment accordingly.

The defendant appealed from the trial court's judgment to the Appellate Court, claiming that the trial court's order was contrary to the provisions of the collective bargaining agreement and to the language and purpose of § 52-422. While the appeal was pending, the Appellate Court ordered the parties to show cause why the appeal should not be dismissed for lack of a final judgment, mootness and the defendant's failure to comply with Practice Book §§ 4049 and 4053. Thereafter, the Appellate Court dismissed the appeal without articulating the grounds therefor, and this court granted the state's petition for certification to review that dismissal. *Goodson* v. *State*, 224 Conn. 926, 619 A.2d 850 (1993). We reversed the judgment of the Appellate Court, concluding that: (1) the trial court's order was

response within ten (10) days of the conference. The local union president or his/her designee, staff representative and steward may be present at the Step III level.

\* \* \*

"SECTION NINE. ARBITRATION. (a) Grievances during the life of this Agreement shall be submitted to the Connecticut Board of Mediation and Arbitration within thirty (30) days from the receipt of the Step III response, or if no response, within thirty (30) days of the due date. . . ."

a final judgment; (2) because the issue was capable of repetition, the controversy was not moot; and (3) the defendant was not required to seek review under §§ 4049 and 4053. We thereafter remanded the case to the Appellate Court for consideration of the defendant's original claims. *Goodson* v. *State*, 228 Conn. 106, 118, 635 A.2d 285 (1993). While the remand was pending, however, we transferred the appeal back to this court pursuant to Practice Book § 4023 and General Statutes § 51-199 (c).

In addition to its original claims that the trial court's order was contrary to the provisions of the collective bargaining agreement and § 52-422, the defendant now contends that the trial court lacked subject matter jurisdiction to have considered the plaintiffs' petition. Although this claim was raised by the defendant for the first time just prior to oral argument before this court, a challenge to the court's subject matter jurisdiction may be made at any time. *Stroiney* v. *Crescent Lake Tax District*, 205 Conn. 290, 294, 533 A.2d 208 (1987). Because the jurisdictional issue had to be resolved before a decision on the merits could be rendered; *Galland* v. *Bronson*, 204 Conn. 330, 333, 527 A.2d 1192 (1987); we ordered the parties to file supplemental briefs to aid us in deciding the question of jurisdiction. We conclude that the trial court lacked jurisdiction to have considered the plaintiffs' petition and reverse the judgment of the trial court.

The defendant claims that the trial court lacked subject matter jurisdiction to have considered the plaintiffs' petition requesting an order reinstating Goodson pursuant to § 52-422 because the statute by its express terms applies only to *parties to an arbitration.* See footnote 1. The defendant claims that because on August 6, 1992, the date the trial court conducted its hearing and entered its order, Goodson had not filed for arbitra-

tion, Goodson could not have been a "party to the arbitration," and thus the trial court had no authority to act under the statute. We agree.

An application for an order pendente lite pursuant to § 52-422 is a special statutory proceeding. "The statute confers a definite jurisdiction upon a judge and it defines the conditions under which such relief may be given . . . . In such a situation jurisdiction is only acquired if the essential conditions prescribed by statute are met. If they are not met, the lack of jurisdiction is over the subject-matter and not over the parties." (Internal quotation marks omitted.) *Guilford Yacht Club Assn., Inc.* v. *Northeast Dredging, Inc.*, 192 Conn. 10, 13, 468 A.2d 1235 (1984); see also *Castro* v. *Viera*, 207 Conn. 420, 433–34, 541 A.2d 1216 (1988); *Dugan* v. *Milledge*, 196 Conn. 591, 595, 494 A.2d 1203 (1985). By its express terms, § 52-422 allows the trial court to issue an order only "upon application of any party to the arbitration . . . ." Thus, a pending arbitration is an essential condition that must exist before § 52-422 may be invoked. It is undisputed that on the date the trial court conducted its hearing and entered its order, there was no pending arbitration. The essential condition prescribed by the statute was not met, therefore, and the trial court lacked jurisdiction to have considered the plaintiffs' petition pursuant to § 52-422.[3]

The judgment of the trial court is reversed, and the case is remanded to that court with direction that the petition be dismissed.

In this opinion the other justices concurred.

---

[3] Because of our disposition of the appeal, we do not reach the merits of the defendant's substantive claims.