[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
The plaintiff, Sutri Giavara, filed an application for an order appointing an arbitrator to resolve a wage dispute between him and the defendants, EICON Group, Inc. and Environmental Infrastructure Consultants, Inc. Giavara also filed an application for an order pendente lite pursuant to General Statutes § 52-422 during the pendency of the arbitration. In that application, Giavara seeks an order requiring the defendants to post security for his claim in the event he prevails.[1] The defendants oppose that application.
The dispute between the parties arose from Giavara's employment by the defendants. According to Giavara's affidavit, he sold his company to EICON Group, Inc., the parent of a wholly-owned company Environmental Infrastructure Consultants, Inc. As part of the purchase of Giavara's business, he and the defendants agreed to a long-term employment contract.[2] The crux of Giavara's complaint is that the defendants withheld his salary and other compensation due him because of their financial difficulties.
In support of his application for an order pendente lite, Giavara argues that Connecticut law permits a court to order a security while arbitration is pending. Giavara argues that in Goodson v. State,228 Conn. 106, 112, 635 A.2d 285 (1993), modified, 232 Conn. 175, CT Page 4696653 A.2d 177 (1995), the Supreme Court recognized that General Statutes § 52-422 permits a court to enter orders pendente lite, pending resolution of an arbitration claim. Giavara stresses that the agreement between himself and the defendants does not preclude the court from granting his application for security.
The defendants argue that the court should not grant Giavara's application for an order pendente lite because the parties' agreement mandates arbitration. Citing State v. Connecticut Employees UnionIndependent, 184 Conn. 578, 440 A.2d 229 (1981), the defendants state that autonomy of arbitration requires a minimum of judicial intrusion and that an order pursuant to General Statutes § 52-422 may only be sought after it has presented to an arbitrator who has declined to entertain it. The defendants further argue that General Statutes § 52-422
authorizes relief pendente lite only regarding issues that are not reserved for arbitration.
General Statutes § 52-422 provides: "At any time before an award is rendered pursuant to an arbitration under this chapter, the superior court for the judicial district in which one of the parties resides or, in a controversy concerning land, for the judicial district in which the land is situated or, when said court is not in session, any judge thereof, upon application of any party to the arbitration, may make forthwith such order or decree, issue such process and direct such proceedings as may be necessary to protect the rights of the parties pending the rendering of the award and to secure the satisfaction thereof when rendered and confirmed."
In Goodson v. State, 232 Conn. 175, 180, 653 A.2d 177 (1995), the Connecticut Supreme Court considered the requirements of General Statutes § 52-422. "By its express terms, § 52-422 allows the trial court to issue an order only `upon application of any party to the arbitration. . . .' Thus, a pending arbitration is an essential condition that must exist before § 52-422 may be invoked." Id.
In this case, the defendants essentially argue that the court may not enter an order pendente lite because an arbitration proceeding is pending. This argument is a nonsequitur. An order pendente lite is permitted only when an arbitration is pending. Goodson v. State,
supra, 232 Conn. 180.[3] General Statutes § 52-422 unambiguously authorizes the relief which the plaintiff seeks. The court holds that General Statutes § 52-422 authorizes the Superior Court to issue an order pendente lite to secure assets that could be used to pay a judgment in a pending arbitration.[4] Other jurisdictions, state and federal, have recognized the authority of a court to issue such a CT Page 4697 pendente lite order. See, e.g., Roso-Lino Beverage Distributors, Inc.v. Coca-Cola Bottling Co., 749 F.2d 124 (2d Cir. 1984) (granting preliminary injunction to prevent defendant from cancelling distribution agreement); McLaughlin, Piven, Vogel, Inc. v. W.J. NolanCo., Inc., 114 App. Div. 2d 165, 498 N.Y.S.2d 146, 151 (1986) (granting preliminary injunction related to former employer's clients); Salvucci v. Sheehan, 349 Mass. 659, 212 N.E.2d 243, 245
(1965) (holding that the plaintiff was entitled to a temporary restraining order to prevent the defendant from conveying or encumbering property during an arbitration); see also Note, Availability of Provisional Remedies in Arbitration Proceedings, 17 N YUniv.L.Q. 638 (1940).
The plaintiff's application for an order pendente lite is granted. The parties are to appear before the court to argue the appropriate scope of the order.
BY THE COURT
Levin, J.