[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM FILED MAY 16, 1997
In this action, the defendant, Harley-Davidson of Danbury, Inc., has filed a motion to dismiss an application for prejudgment remedy filed by Building Technologies, Inc. The plaintiff has also filed an affidavit in which its vice president states that, pursuant to a contract between the parties, the dispute "shall be decided by arbitration," and that "the applicant will file a notice of demand for arbitration with the American Arbitration Association." That filing also included a proposed demand for arbitration.
The defendant argues that Sec. 52-422 of the General Statutes authorizes prejudgment remedies before an arbitration award is rendered, but only if the arbitration is pending at the time of the application. It continues by asserting that, in the present action, no arbitration is pending because the plaintiff failed to give written notice to the defendant and file three copies of the notice and three copies of the arbitration clause of the contract with the regional office of the American Arbitration Association. Therefore, the jurisdictional requirements of Sec. 52-422 have not been met, and the application for a prejudgment remedy should be dismissed.[1]
The plaintiff, in opposition, claims that the parties need to have discussions before arbitration can go forward, and that, therefore, it is not seeking an order for prejudgment remedy at this time. Consequently. "there is nothing before this court to dismiss. CT Page 4781
"The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46
n. 13 (1995), quoting Practice Book Sec. 143. "Subject matter jurisdiction is the power of the court to hear and determine cases of the general class to which the proceedings in question belong." (Internal quotation marks omitted.) Grant v. Bassman,221 Conn. 465, 470 (1992).
Section 52-422 provides in pertinent part: "[o]rder pendente lite. At any time before an award is rendered pursuant to an arbitration [proceeding] under this chapter, the superior court for the judicial district in which one of the parties resides . . . may make forthwith such order or decree, issue such process and direct such proceedings as may be necessary to protect the rights of the parties pending the rendering of the award and to secure the satisfaction thereof when rendered and confirmed."
Interpreting this statute, the Supreme Court, in Goodson v.State, 232 Conn. 175, 179-80 (1995), stated that [t]he statute confers a definite jurisdiction upon a judge and it defines the conditions under which such relief may be given . . . In such a situation jurisdiction is only acquired if the essential conditions prescribed by statute are met. If they are not met, the lack of jurisdiction is over the subject matter and not over the parties." (Internal quotation marks omitted.) The court further held that "[b]y its express terms, § 52-422 allows the trial court to issue an order only upon application of any party to the arbitration . . .' Thus a pending arbitration is an essential condition that must exist before § 52-422 may be invoked." Goodson v. State, supra 180.
Since the plaintiff has not yet submitted an application for arbitration to the American Arbitration Association there is no arbitration currently pending. As such, the court is satisfied that the plaintiff invoked Sec. 52-422 prematurely, and that the court lacks subject matter jurisdiction to grant the prejudgment remedy application. See Goodson v. State, supra. Because subject matter jurisdiction is the power of the court to both hear and determine cases, Grant v. Bassman, supra, it necessarily follows that where the court has no jurisdiction it cannot grant a remedy, or in any manner entertain the matter, except to determine the question of jurisdiction. The plaintiff's argument CT Page 4782 that "there is nothing before this court to dismiss" is not persuasive, as there is in fact, as noted, an application for prejudgment remedy that has been filed with the court. As such, the defendant's motion to dismiss is granted.
MORAGHAN, J.