[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTIONS TO DISMISS:TO STRIKE AND FOR SUMMARY JUDGMENT
I. Summary of Facts and Procedural History:
The parties to this action are Shawn B. Kinkade (hereinafter the plaintiff') and Dana Wiseman, M.D., P.C. (hereinafter the "defendant"). The plaintiff filed a complaint in this court with a return date of September 10, 1996. According to that pleading, the plaintiff had previously filed charges of discrimination with the Equal Employment and Opportunity: Commission and the State of Connecticut Commission on Human Rights and Opportunities (hereinafter the "CHRO"), against Dana Wiseman on December 20, 1994. The plaintiff alleges that he received a Notice of Right to Sue from the United States Department of Justice, Civil Rights Division on October 5, 1995, and that he filed a complaint thereafter in federal court on December 8, 1995. See 1 United States District of Connecticut, Civil No. 3:95CV2767 (AWT) (hereinafter the "federal court" and "federal claims" or "federal complaint"). The federal complaint alleged violations of the Americans with Disabilities Act and the Federal Rehabilitation CT Page 13267 Act, respectively. against Dana Wiseman, individually, and the Town of East Hartford (hereinafter the "town"). The plaintiff alleges that he received a Release to Sue from the CHRO, on February 29, 1996.
Within a week of receiving the Release to Sue, the plaintiff filed a request to amend his complaint[1] in federal court that added allegations based on the Connecticut Fair Employment Practices Act, Connecticut General Statutes § 46a-51 et seq. (hereinafter "CFEPA). On August 12, 1996, the federal court, Alvin Thompson, U.S.D.J., declined to exercise supplemental jurisdiction over any of the plaintiffs state law claims and denied the request to amend. The present complaint was brought thereafter with a return date of September 10, 1996.
The claims raised by the plaintiff sound in negligence and discrimination. In support of his claims. the plaintiff alleges that in May of 1994 he had applied to become a firefighter/paramedic with the Town of East Hartford. According to the plaintiff, the chief of the East Hartford Fire Department informed him personally on May 20, 1994, that he was a successful candidate. The plaintiff participated in a physical examination conducted at the town's Health Department on the same day. Several weeks later, the plaintiff received a letter from the town that stated that 23 others had been hired as firefighter/paramedics and that his rank had been reduced regarding his eligibility for future firefighter/paramedic jobs.
The plaintiff alleges that he learned that the defendant had concluded, based on the single physical examination, that the plaintiff was "not qualified" to be a firefighter/paramedic. The defendant allegedly concluded that the plaintiff suffered from low levels of high density lipoprotein and from labile hypertension. The plaintiff alleges that both conditions are treatable. He claims that the defendant violated the CFEPA by summarily concluding that the plaintiff was "Not qualified" to serve as a firefighter/paramedic; by failing to investigate whether, in fact, the plaintiff could perform the responsibilities of the firefighter/paramedic position before reporting to the town that he was unqualified; and that the defendant performed his duties negligently.
On October 10, 1996, the defendant filed a pleading entitled Motions to Dismiss, to Strike and for Summary Judgment on Behalf of Dana Wiseman, M.D., P.C. The combined motions were accompanied CT Page 13268 by verified copies of the complaint, the Endorsement Order issued by the federal court and dated August 12, 1996, a Release to Sue from the CHRO signed on February 29, 1996, and a copy of a Request to Amend Complaint dated March 4, 1996 with a typewritten notation dated August 12, 1996 by Judge Thompson denying the plaintiff's request to amend as it pertained to the proposed additional CFEPA claim. The defendant's motion also attached a notarized Affidavit in Support, signed by Dana Wiseman, M.D.; a copy of a Professional Services Contract between Dana Wiseman, M.D., and the Town of East Hartford; and a copy of a document entitled Medical Requirements for Prospective Firefighter Applicants. Town of East Hartford. A twenty-three page Memorandum of Law in Support of Motions to Dismiss. to Strike and for Summary Judgment on Behalf of Dana Wiseman, M.D., P.C. accompanied the defendant's motions. None of the moving papers separated out the defendant's motions or theories of relief
After being granted additional time within which to respond to the defendant's motions, the plaintiff filed a Memorandum in Opposition to Defendant's Motions to Dismiss, to Strike and for Summary Judgment. Attached to the plaintiffs memorandum were copies of an Affidavit in Support signed by Dana Wiseman, M.C., the Endorsement Order of the federal court, the CHRO Release to Sue, an unsigned uncertified Second Amended Complaint dated March 4, 1996, relating to the federal case, and a copy of an unpublished Superior Court decision. After oral argument was heard, by letters of various dates, both parties briefed additional case law and urged the court to consider it.
The defendant argues that the plaintiff failed to comply with the requirement of C.G.S. § 46a-101(e) that the discrimination suit be commenced within 90 days of receiving the release to sue from the CHRO: that by instituting this action against the wrong defendant the plaintiff has failed to state a claim on which relief may be granted; that the plaintiff's complaint is insufficient because it fails to join a necessary part v and that the negligence claim brought by the plaintiff is barred by the statute of limitations for malpractice and factually unsupportable because the corporate defendant had no dealings with plaintiff and owed no duty to him.
In response to the defendant's motion, the plaintiff argues that the 90 day requirement was tolled by his litigation in federal court, that the defendant corporation, Dana Wiseman, M.D., P.C., is a proper party as the employer of Dana Wiseman, CT Page 13269 M.D., and that the defendant has wrongly applied the malpractice statute of limitations to his negligence claim.
Pleading Standards
Practice Book § 112 sets out an order that must be followed for the filing of pleadings. According to the rule, the motion to dismiss must precede the motion to strike and any answer or special defenses. Practice Book § 112. But a motion to dismiss based on want of subject matter jurisdiction may be raised at any time. Goodson v. State, 232 Conn. 175, 179,653 A.2d 177 (1995). Unless otherwise ordered by the court, the failure to conform to this order will result in a waiver of the pleading that should have been filed first. Practice Book § 113.[2] E. Stephenson, Connecticut Civil Procedure (3d Ed. 1997), p. 110. The trial court may, in its discretion, permit the filing of two or more different motions simultaneously, however.Sabin v. Ruffolo, 19 Conn. App. 402, 404, 562 A.2d 1134, 1135
(1989). The court will so allow in this case.
Motion to Dismiss
A motion to dismiss attacks the jurisdiction of the court.Gurliacci v. Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). It "essentially [asserts] that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original.) Id. It is not "designed to test the legal sufficiency of a complaint in terms of whether it states a cause of action." Pratt v. Town of Old Saybrook,225 Conn. 177, 185, 621 A.2d 1322 (1993). "The motion to dismiss shall be used to assert (1) lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadlowski v.Manchester, 235 Conn. 637, 645-46 n. 13, 663 A.2d 1314 (1995).
"It is axiomatic that once the issue of subject matter jurisdiction is raised, it must be immediately acted upon by the court' . . ." (Citations omitted.) Federal Deposit InsuranceCompany v. Peabody, 239 Conn. 93, 99, 680 A.2d 1321 (1996). "Whenever the absence of jurisdiction is brought to the notice of the court . . . cognizance of it must be taken and the matter passed upon before it can move one further step in the cause; as any movement is necessarily the exercise of jurisdiction. . . . The point has been frequently made. . . ." (Citations omitted; internal quotation marks omitted.) Id. "[W]henever a court discovers that it has no jurisdiction, it is bound to dismiss the CT Page 13270 case; . . ." Concerned Citizens of Sterling v. Sterling,204 Conn. 551, 557, 529 A.2d 666 (1987). In ruling on a motion to dismiss, the court should indulge every presumption in favor of jurisdiction. Demar v. Open Space Conservation Commission,211 Conn. 416, 425, 559 A.2d 1103 (1989).
"[T]he court, in deciding a motion to dismiss, must consider the allegations of the complaint in their most favorable light." (Internal quotation marks omitted.) Savage v. Aronson,214 Conn. 256, 264, 571 A.2d 696 (1990). The motion admits all facts that are well pleaded and invokes the existing record. Barde v. Boardof Trustees, 207 Conn. 59, 62, 539 A.2d 1000 (1988). "Where . . . the motion is accompanied by supporting affidavits containingundisputed facts, the court may look to their content for determination of the jurisdictional issue and need not conclusively presume the validity of the allegations of the complaint." (Emphasis added; citations omitted; internal quotation marks omitted.) Id.
Discussion
For the foregoing reasons, the court will first consider the claim raised by the defendant's combined motion that raises a jurisdictional question and treat it as raised pursuant to the motion to dismiss. In this regard, the defendant argues in his memorandum that due to the plaintiff's failure to commence his action in this court within the 90 day window allocated by C.G.S. § 46a-101(e), the court is without jurisdiction to adjudicate the plaintiffs claims. The plaintiff replies, in essence, that his actions in the federal court, by which he sought to append state discrimination claims to existing federal claims. tolled the 90 day period, thereby preserving the jurisdiction of the state court to hear his state claims. Resolution of these conflicting positions turns on the court's interpretation of the language of applicable statutes.
Rules of Statutory Construction
"Well established principles of statutory construction govern [the court's] determination of whether a statutory time period is mandatory or directory. [The court's] fundamental objective is to ascertain and give effect to the apparent intent of the legislature. . . . In seeking to discern that intent, [the court] look[s] to the words of the statute itself" (Ellipses in original; citations omitted; internal quotation marks omitted.) CT Page 13271Doe v. Statewide Grievance Committee, 240 Conn. 671, 680 (1997). "Our rules of statutory construction are clear. . . . The meaning of [a] statute must, in the first instance, be sought in the language in which the act is framed. . . . If the language of the statute is clear, it is assumed that the words themselves express the intent of the legislature. . . . Where [a] statute presents no such ambiguity, we need look no further than the words themselves which we assume express the intention of the legislature. . . ." (Citations omitted; internal quotation marks omitted.) Chotkowski v. State, 240 Conn. 246, 277, 690 A.2d 368
(1997). "Definitive words, such as `must' or `shall,' ordinarily express legislative mandates of a nondirectory nature. . . . We have noted, however, that the use of the word `shall,' though significant, does not invariably establish a mandatory duty. . . ." (Citations omitted.) Doe v. Statewide GrievanceCommittee, supra. 240 Conn. 681.
Our Supreme Court recently decided that certain time restrictions, imposed by language contained in the CFEPA, were mandatory. See Angelsea Productions, Inc. v. CHRO,236 Conn. 681, 674 A.2d 1300 (1996). In that case, the Court dismissed a plaintiff's discrimination claim for lack; of jurisdiction. The Superior Court, reviewing a determination by the CHRO that the language of General Statutes §§ 46a-83(b) and 46a-84(b) (both revised to 1993) was directory and not mandatory, reserved the determinative questions of law for the advice of the Appellate Court. The reservation was transferred to the Supreme Court which considered the following questions: "(1) Is the time limit for investigating a complaint set forth in [General Statutes (Rev. to 1993) § 46a-83(b)] mandatory?" (2) "If the [commission] fails to make a reasonable cause determination within nine months from the date of filing a complaint, as set forth in [General Statutes (Rev. to 1993) § 46a-83(b)]. must the [commission] dismiss the complaint for lack of jurisdiction" (3) "Is the time limit for holding a public hearing set forth in [General Statutes (Rev, 10 1993) § 46a-84(b)] mandatory?" and (4) "If the [commission] fails to hold a public hearing within [ninety] days after a finding of reasonable cause, as set forth in [General Statutes (Rev. to 1993) § 46a-84(b)], must the [commission] dismiss the complaint for lack of jurisdiction?" AngelseaProductions, Inc. v. CHRO, supra, 236 Conn. 687.
In reaching an affirmative answer to each question, the court stated that "[t]he test we have adopted for determining whether such a statutory requirement is mandatory or directory : is CT Page 13272 whether the prescribed mode of action is of the essence of the thing to be accomplished, or in other words, whether it relates to matter material or immaterial to matters of convenience or substance. . . . If it is a matter of convenience, the statutory provision is directory; if it is a matter of substance, the statutory provision is mandatory. . . . Stated another way, language is deemed to be mandatory if the mode of action is of the essence of the purpose to be accomplished by the statute . . . but will be considered directory if the failure to comply with the requirement does not compromise the purpose of the statute. . . ." (Citations omitted; internal quotation marks omitted.) Angelsea Productions, Inc. v. CHRO, supra,236 Conn. 690. See also Doe v. Statewide Grievance Committee, supra,240 Conn. 680; Stewart v. Tunxis Service Center, 237 Conn. 71, 76-77,676 A.2d 819 (1996).
According to the Supreme Court, "the purpose of [the predecessor to today's discriminator complaint procedure provisions] is to guard against subjecting a respondent to a hearing upon ever complaint which might be made to the commission, however unfounded . . . ." (Citations omitted.)Angelsea Productions, Inc. v. CHRO, supra, 236 Conn. 691. The Court went on to say that "[a]lthough the investigation, the elimination of the discriminatory practice, the subsequent hearing, if necessary, and the granting of relief, where appropriate, are clearly essential, the speed with which thesematters are carried out is necessarily a part of the essence ofthe statutory scheme. . . . [W]ithout timely progress, the respondent is . . . hamstrung. . . . The entire discriminatory practice complaint procedure, as amended by No. 89-332 of the 1989 Public Acts (P.A. 89-322), is replete with deadlines essential to further progress in the administrative arena. . . . The policy behind these deadlines of speedy resolution of the claims and elimination of the offending conduct can be implemented only through strict enforcement of the time limits." (Emphasis added.) Id. 691-92.
The statutory provisions at issue before this court and the provisions interpreted by the court in Angelsea are part of the same statutory scheme, namely the CFEPA. The provisions relevant to this case state:
 "§ 46a-100 Discriminatory employment practices. Cause of action upon release from commission. Any person who has timely filed a complaint with the Commission on Human Rights and CT Page 13273 Opportunities in accordance with section 46a-82, alleging a violation of section 46a-60 and who has obtained a release from the commission in accordance with section 46a-101, may also bring an action in the superior court. . . .
 "§ 46a-101 Release of pending complaint alleging discriminatory employment practice. Time period for bringing action after release. (a) No action may be brought in accordance with section 46a-100
unless the complainant has received a release from the commission in accordance with the provisions of this section. . . . (e) Any action brought by the complainant in accordance with section 46a-100
shall be brought within ninety days of the receipt of the release from the commission."
The words of these statutes are not ambiguous and there is little need to look beyond their plain meaning to recognize that they permit an aggrieved complainant to sue in the Superior Court but circumscribe the right to sue by imposing mandatory preconditions.
General Statutes § 46a-100 provides that the complainant "may bring an action in the superior court. . . ." after the CHRO has relinquished jurisdiction. Section 46a-101 provides a procedural mechanism that limits the period in which the law suit may be commenced. It requires that any § 46a-100 action "shall be brought within 90 days of the receipt of the release. . . ." C.G.S. § 46a-100. "The use of the word `shall' in conjunction with the word `may' confirms that the legislature `acted with complete awareness of their different meanings,' . . . and that it intended the terms to have different meanings. . . ." (Emphasis added.) Angelsea Productions, Inc. v.CHRO, supra, 236 Conn. 695. Accordingly, the plaintiff who has been expressly released from the jurisdiction of the CHRO "may" commence suit in the Superior Court. But, as indicated by the word "shall" in the section 46a-101, the jurisdiction of the Superior Courts to decide such matters is limited by statute to cases commenced within the prescribed 90 day period.
Our courts have consistently held that failure to comply with the conditions established by the CFEPA "forecloses [a plaintiffs] access to judicial relief because it [deprives] the trial court of jurisdiction to hear his complaint." See Sullivanv. Board of Police Commissioners, 196 Conn. 208, 218,491 A.2d 1096 (1985) (holding that where a plaintiff does not invoke his administrative remedies, the trial court should, sua sponte, CT Page 13274 dismiss the action for want of jurisdiction). See also Shyrer v.Associated Pulmonologists of Western Connecticut, Superior Court, judicial district of Danbury, Docket No. 319434 (April 15, 1996, Moraghan, J.) (holding that where the plaintiff received a release of jurisdiction from the CHRO but failed to initiate suit in the Superior Court within the 90 day window created by C.G.S. § 101(e), the plaintiff's wrongful discharge claim was "jurisdictionally defective" warranting dismissal and holding that the plaintiff's common law claims were unaffected by her lack of compliance with the CFEPA).
Furthermore, the interpretation of sections 46a-100 and 46a-101
is controlled by the recent holding in Angelsea. The Angelsea
test inquires as to what the purpose of the statute is and whether the statutory requirement relates to a matter of convenience, in which case the requirement is directory, or whether it relates to a matter of substance, in which case the requirement is mandatory. Angelsea Productions, Inc. v. CHRO,supra, 236 Conn. 690. The Court in Angelsea held that the purpose of discriminatory complaint procedure provisions "is to guard against subjecting a respondent to a hearing upon every complaint which might be made to the commission, however unfounded. . . ."Angelsea Productions, Inc. v. CHRO, supra, 236 Conn. 691. As such, the Court held that the provisions under consideration, pertaining to time restraints placed on CHRO officials, were substantive and mandatory in nature, because controlling the life span of complaints of discrimination was one of the statute's primary functions.
The procedural anti-discrimination provisions of C.G.S. §§46a-100 and 46a-101 seem to share the same purpose as sections46a-83 and 46a-84. Both attempt to provide avenues for relief to complainants and both use procedural mechanisms to control the manner in which relief may be pursued. Sections 46a-83 and 46a-84
enable complainants to seek administrative remedies and sections46a-100 and 46a-101 facilitate transitions from the administrative forum to trial courts of law. The latter provisions cannot be construed as having been enacted merely for the sake of convenience. Rather, the restrictive modes of action they employ are "the essence of the purpose to be accomplished."Angelsea Productions, Inc. v. CHRO, supra,236 Conn. 690. As such, the language must be construed literally and in furtherance of the statute's substantive procedural purpose. The 90 day requirement is therefore mandatory. CT Page 13275
On the undisputed facts, plaintiff has failed to comply with the statutory requirement in several ways. He has failed to bring the action in superior court within 90 days of receipt of release, some six plus months intervening between the release and state suit dates. Even if bringing a claim in federal court under pendent jurisdiction were deemed the statutory equivalent of bringing am action in superior court, plaintiff failed to do so within the 90 day period. Plaintiff only attempted to add a claim for violation of his CFEPA rights in federal court but, the court having denied his request to amend, the claim u as never brought in federal court. As to plaintiffs claim of an equitable tolling of the 90 day period, he has cited no Connecticut authority for same and such would be inconsistent with the mandatory nature of the time limitation.
Further, the defendant here is a professional corporation, not the individual doctor. The release to sue is as to the individual doctor, not the corporation. And the attempted amendment in federal court was to bring a claim against the individual doctor, not the corporation.
For the reasons set forth above, the court holds that as to count one of the plaintiffs complaint, which alleges a violation of CFEPA, there is no subject matter jurisdiction and the motion to dismiss is granted.
Motion to Strike
Throughout the defendant's pleadings it argues that the plaintiff has sued the wrong defendant and that the plaintiffs complaint is insufficient because it fails to join a necessary party, Dana Wiseman individually. The plaintiff disputes these contentions.
The purpose of the motion to strike is to test the legal sufficiency of the challenged pleading. R.K. Constructors, Inc.v. Fusco Corp. , 231 Conn. 381, 384, 650 A.2d 153 (1994). "In ruling on a motion to strike, the [trial] court is limited to the facts alleged in the complaint;" Waters v. Autori, 236 Conn. 820,825, 676 A.2d 357 (1996); and "the grounds specified in the motion." Meredith v. Police Commission, 182 Conn. 138, 140,438 A.2d 27 (1980). The court must construe the facts in the way most favorable to the plaintiff. Rowe v. Godou, 209 Conn. 273, 278,550 A.2d 1073 (1988). Practice Book § 155 requires that the motion to strike be accompanied by an "appropriate memorandum of CT Page 13276 law citing the legal authorities upon which the motion relies." The motion to strike is the exclusive remedy for nonjoinder of parties, as set forth in Practice Book § 152. Hilton v. NewHaven, 233 Conn. 701, 721-22, 661 A.2d 973 (1995) (referring also to Practice Book § 198).
When deciding motions to strike, our courts do not consider extraneous matter from outside the pleadings. Murphy v. McNamara,36 Conn. Sup. 181, 183, 415 A.2d 771 (1979). Such matter renders the motion the equivalent of a "speaking motion" and is improper. Id. More particularly, "[w]here the legal grounds for such a motion are dependent on underlying facts not alleged in the plaintiffs pleadings, the defendant must await the evidence which may be adduced at trial, and the motion should be denied."Liljedahl Bros., Inc. V. Grigsby, 215 Conn. 345, 347,576 A.2d 149 (1990). The merits of those arguments raised by the defendant that are best considered under the motion to strike cannot be decided by this court. By attaching affidavits and copies of agreements attributed to the defendant, the defendant is basing its motion on facts not alleged in the plaintiffs complaint. The court cannot consider a motion to strike that "speaks" in this way. Therefore, the motion to strike must be denied.
Motion for Summary Judgment
The defendant argues that the plaintiff's negligence claim, the second count, cannot prevail on its merits against the corporate defendant, and that defendant is entitled to judgment as a matter of law. In it's brief, at page 20, it details it's claim that the corporation had no involvement with plaintiff, no duty to him and cannot be liable to him.[3] plaintiff has not opposed the claim that the corporation did not deal with plaintiff with any evidentiary material. In contrast, movant has furnished a detailed affidavit as to the relationship between Dr. Wiseman and the town of East Hartford and lack of relationship between the corporate defendant and town, including a verified copy of the contract between the town and doctor.
"'The standards governing our review of a trial court's decision to grant a motion for summary judgment are well established. Practice Book § 384 provides that summary judgment shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to summary judgment as a matter of law. . . . In CT Page 13277 deciding a motion for summary judgment, the trial court must view the evidence in the light most favorable to the nonmoving party. . . . The party seeking summary judgment has the burden of showing the absence of any genuine issue [of] material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law . . . and the party opposing such a motion must provide an evidentiary foundation to demonstrate the existence of a genuine issue of material fact."' (Citations omitted; internal quotation marks omitted.) Doty v.Mucci, 238 Conn. 800, 805-06, 679 A.2d 945 (1996).
Having sued the corporate entity, plaintiff in paragraph 3 of his complaint defined the term "Wiseman" in the complaint as the professional corporation. Accordingly, plaintiff's allegations in Count Two are that the corporation performed medical exams of prospective town employees (complaint paragraph 9); the corporation examined plaintiff(complaint paragraph 12); the corporation determined plaintiff was not qualified medically (complaint paragraph 14); the corporation owed plaintiff a duty of care and investigation (complaint paragraphs 22 and 23); the corporation breached that duty to plaintiff and damaged him by its negligence (complaint paragraphs 24 and 25). The doctor was not sued individually nor are any relevant allegations directed toward him.
Dr. Wiseman's uncontroverted affidavit establishes that the contract to examine prospective employees for the town of East Hartford was between the town and the doctor individually and not with or on behalf of the corporation. The affidavit, and attached written contract, establishes that the initial and subsequent contracts were entered into by Dana Wiseman, M.D., not by the corporate defendant, Dana Wiseman, M.D., P.C. It further establishes that the individual received compensation from the town, the individual performed the exams and medical tests on East Hartford town premises, not at the corporate offices, and the individual transmitted the results of such exams and tests without corporate involvement. The written contract with the town specifically provides the town will provide the space for exams, supplies, nursing services and secretarial support. There are no facts in the affidavit to support any claim that the individual was acting on behalf of the corporation or in furtherance of it's business in performing these acts. The affidavit indicates the contrary.
While plaintiff claims the acts of the individual doctor are CT Page 13278 attributable to the corporate defendant, it has offered no evidence that the acts were performed on behalf of the corporation and offered no evidence to contradict defendant's evidence that the relevant acts were performed by the individual solely on his own behalf. Plaintiff has referred to the doctor's affidavit at paragraphs 2, 3 and 4. Plaintiff claims, erroneously, that the Wiseman affidavit states at paragraph 4 that he contracted with the town on behalf of the corporation. In fact, it states the opposite. The general statements at paragraph 2 and 3 of the doctor's affidavit that his practice is located in Glastonbury, is incorporated and employs him and others full-time, do not address the issue of whether the specific exam, test, opinion and other acts complained of by plaintiff were performed by or on behalf of, or in furtherance of the business of the corporation. Nor, reading the affidavit as a whole, do they contradict the specific factual statements that the work in question here was performed by the doctor in an individual capacity, pursuant to contract and without the corporation's involvement.
There being no genuine issue of material fact that the acts alleged in Count Two were not performed by or on behalf of the corporate defendant, it cannot be liable on said count as a matter of law and summary judgment for defendant upon Count Two is granted.
So ordered.
JAMES F. GRAHAM JUDGE, SUPERIOR COURT