[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION
The plaintiff has filed an application for prejudgment remedies against the defendant, Leo James Russell. The dispute at issue here concerns a merger agreement entered into by the parties on September 5, 1997. Section 10.1 of this agreement provides that "[a]ny claim, dispute, or other matter in controversy (herein called "Dispute"), whether based on contract, tort, statute, or other legal theory (including but not limited to any claim of fraud representation), arising out of or related to the Agreement or the thereof shall be settled according to the procedures set forth in this Article 10 exclusively; provided,however, that (a) either party may seek preliminary judicial relief if, in its judgment, such action is necessary to avoid irreparable damage during the pendency of such procedures, and (b) nothing in this Section 10.1 shall prevent either party from exercising any rights of termination or suspension under Applicable Law." (Emphasis in original.)
Sections 10.2 through 10.4 of the agreement outline the procedures that must be followed when a dispute arises. These procedures are triggered when any party gives the other a written "Notice of Dispute." The parties must then attempt to resolve the matter through direct negotiations. If these negotiations fail to end the dispute, the parties are required to proceed with mediation. As a final resort, the agreement provides that the dispute shall be settled by arbitration.
The defendant has filed a motion to dismiss on the ground that the aforementioned dispute resolution procedures preclude the plaintiff from seeking prejudgment remedies. The defendant contends, inter alia, that the plaintiff's invocation of General CT Page 3176 Statutes § 52-278a et seq. is inappropriate because only civil litigants may take advantage of that statutory scheme.[1]
The plaintiff counters that its reliance upon §§ 78 a et seq. is proper because §§ 52-422 does not apply where, as here, an arbitration proceeding is not currently pending.[2]
The provisions of §§ 52-278a et seq. do not apply when the applicant does not intend to bring a civil action. BuildingTechnologies. Inc. v. Harley Davidson of Danbury. Inc., Superior Court, judicial district of Danbury, Docket No. 326733 (May 16, 1997, Moraghan, J.) (19 Conn. L. Rptr. 521, 522 n. 1). See alsoGiavara v. Eicon Group. Inc., Superior Court, judicial district of Fairfield, Docket No. 319110 (May 4, 1995, Levin, J.) (14 Conn. L. Rptr. 229, 229-30 n. 1); Spicer v. Spicer, Superior Court, judicial district of New London at New London, Docket No. 523339 (December 29, 1992, Hendel, J.), aff'd, 33 Conn. App. 152,634 A.2d 902 (1993), cert. denied, 228 Conn. 920, 636 A.2d 850
(1994). Moreover, "where a party has opted for arbitration, this choice of forum precludes the party from commencing a civil action in order to invoke the prejudgment remedy statutes which are reserved for civil actions and which are not available in arbitration proceedings." Spicer v. Spicer, supra, Superior Court, Docket No. 523339, citing Cebulski Construction Co. v.Dorman, Superior Court, judicial district of Fairfield at Bridgeport, Docket No. 230163 (May 13, 1986, Harrigan, J.).
In the present case, the plaintiff has sent a "Notice of Dispute" to the defendant pursuant to § 10.2(a) of the merger agreement. Therefore, the plaintiff has manifested its intent to proceed with the dispute resolution proceedings provided for in the agreement. Consequently, the plaintiff may not avail itself of § 52-278a et seq. since no civil action is contemplated. The mere fact that § 52-422 may not apply here does not relieve the plaintiff of its obligation to comply with the statutes that it has invoked. See Building Technologies.Inc. v. Harley-Davidson of Danbury. Inc., supra. Nor does the fact that the contract sanctions "preliminary judicial relief" eliminate the plaintiff's responsibility to meet the requirements of § 52-278a et seq.
For all of the foregoing reasons, the defendant's motion to dismiss is granted.
Moraghan, J. CT Page 3177