[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTION TO DISMISS (DOCKET ENTRY NO. 103)
Before the court is the defendants' motion to dismiss or alternatively, the defendants' motion to stay proceedings pursuant to General Statutes § 52-409. Also before the court is the plaintiff's application for an order pendente lite pursuant to General Statutes §52-422.
This action arises out of a partnership agreement between the plaintiff, Carl Koeck, and defendants, Richard Harris and Suzette CT Page 13354 Mantaring. According to the plaintiff's complaint, the agreement provided that the partners would contribute equal amounts of capital for the deposit and down payment on property known as 15 Lockwood Avenue, Old Greenwich, Connecticut (the "property"). The partnership would renovate and resell the property. In addition to making initial capital contributions, the plaintiff also was to provide construction management services for the renovation of the property. The partners agreed that the plaintiff would possess a fifty percent interest in the profits and losses from the resale of the property.
The plaintiff further alleges that, in accordance with the agreement, he contributed $40,500 towards the purchase of the property and an additional $7689.05 in operating capital. On October 8, 1999, the property was acquired for $640,000 and title was taken In Mantaring's name for the benefit of the partnership. On March 28, 2000, Mantaring conveyed the property to the defendant, 15 Lockwood Avenue II, LLC (the "LLC"). In June, 2000, a third party, Grace McCowan Foley, entered into a written contract with the LLC to purchase the property for $1,620,000. On July 18, 2000, LLC conveyed the title to the property to Foley. Harris and Mantaring kept the proceeds of the sale without paying the plaintiff his fifty percent share of the profits, the $40,500 balance remaining from his initial capital contribution, and the $7639.05 he expended on behalf of the partnership.
On August 31, 2000, the plaintiff filed an application for prejudgment remedy pursuant to General Statutes § 52-273, an application for an ex parte temporary restraining order, and an eight count complaint. The complaint asserts claims for fraud, breach of partnership agreement, breach of fiduciary duty, constructive trust, theft, violation of Connecticut Unfair Trade Practices Act, fraudulent conveyance, and accounting. On September 1, 2000, the court, Moran, J., issued an ex parte temporary restraining order prohibiting the defendants from disposing or encumbering any of their assets and scheduled a hearing for September 25, 2000.
On September 21, 2000, the defendants filed a motion to dismiss, or in the alternative, a motion to stay the proceedings on the ground that the matters raised in the case are governed by an arbitration clause in the partnership agreement. In response, on September 22, 2000, the plaintiff commenced an arbitration action before the American Arbitration Association (AAA) and amended its application to the court, requesting an order pendente lice in the form of a prejudgment attachment against Harris and Mantaring pursuant to General Statutes § 52-422. On October 2, 2000, the plaintiff filed an objection to the defendants' motion to dismiss and motion to stay and a memorandum in support thereof. CT Page 13355
"A motion to dismiss . . . properly attacks the jurisdiction of the court, essentially asserting that the plaintiff cannot as a matter of law and fact state a cause of action that should be heard by the court." (Emphasis in original; internal quotation marks omitted.) Gurliacci v.Mayer, 218 Conn. 531, 544, 590 A.2d 914 (1991). "A motion to dismiss tests, inter alia, whether, on the face of the record, the court is without jurisdiction." Upson v. State, 190 Conn. 622, 624, 461 A.2d 991
(1983). "The motion to dismiss shall be used to assert . . . lack of jurisdiction over the subject matter. . . ." (Internal quotation marks omitted.) Sadloski v. Manchester, 235 Conn. 637, 645-46 n. 13, 668 A.2d 1314
(1995)." [A] claim that lithe] court lacks subject matter jurisdiction [may be raised] at any time." (Internal quotation marks omitted.) Dowlingv. Slotnik, 244 Conn. 781, 787, 712 A.2d 396, cert. denied, 525 U.S. 1017,119 S.Ct. 542, 142 L.Ed.2d 451 (1998)." [O]nce the question of lack of jurisdiction of a court is raised, [it] must be disposed of no matter in what form it is presented . . . and the court must fully resolve it before proceeding further with the case." (Internal quotation marks omitted.) Figueroa v. C S Ball Bearing, 237 Conn. 1, 4, 675 A.2d 845
(1996).
A. Subject Matter Jurisdiction
The defendants move to dismiss this action on the ground that the court lacks subject matter jurisdiction because the matters raised in the case are governed by an arbitration clause in the parties' partnership agreement. Specifically, the defendants argue that based on the arbitration clause, arbitration is a condition precedent to the initiation of legal action. The plaintiff contends that the court possesses subject matter jurisdiction over the prejudgment remedy as to the LLC because the LLC is not a party to the arbitration agreement. The plaintiff further argues that the court possesses subject matter jurisdiction as to the issuance of a prejudgment remedy to Harris and Mantaring because under the terms of the partnership agreement, arbitration is not a condition precedent for maintaining this action. Finally, the plaintiff asserts that the court possesses subject matter jurisdiction over his application for an order pendente lite pursuant to General Statutes § 52-422 because there is an arbitration action pending before the AAA against Harris and Mantaring.
It is undisputed chat the LLC is not a party to the partnership agreement. Therefore, the defendants' argument that the court lacks subject matter jurisdiction because the matters raised in the case are governed by an arbitration clause in the parties' partnership agreement is inapplicable to the LLC. Accordingly, the defendants' motion to dismiss the prejudgment remedy should be denied as it relates to the CT Page 13356 LLC. However, because Harris and Mantaring are parties to the partnership agreement with the plaintiff, the court must determine whether the arbitration clause makes arbitration a condition precedent to the plaintiff's action as it relates to them.
"Whether an agreement makes arbitration a condition precedent to an action in court depends on the language of the arbitration clause."Multi-Service Contractors, Inc. v. Vernon, 181 Conn. 445, 447, 435 A.2d 983
(1980). "For arbitration to be a condition precedent, the agreement to arbitrate must expressly so stipulate, or it must necessarily be implied from the language used." Id., 448. "While it is true that in the absence of express language a provision for arbitration may be construed, by implication, to be a condition precedent to suit that implication must be so plain that a contrary intention cannot be supposed. It must be a necessary implication. The mere agreement to arbitrate, standing alone, does not give rise to the necessary implication that arbitration is a condition precedent to an action in court." Id., 447-48.
In the present case, the arbitration clause contained in the partnership agreement provides in pertinent part: "Any controversy or claim arising out of or relating to the Agreement, or breach thereof, shall be settled by arbitration . . . and judgment upon the award rendered by the arbitrator(s) may be entered in any court of competent jurisdiction." This arbitration clause does not expressly state that arbitration is a condition precedent to the filing of a lawsuit. Furthermore, although the defendants argue that the language of the arbitration clause creates a necessary implication that arbitration is a condition precedent to litigation, it cannot be said that the implication is "so plain that a contrary intention cannot be supposed." Multi-ServiceContractors, Inc. v. Vernon, supra, 181 Conn. 448. Accordingly, the defendants' motion to dismiss the prejudgment remedy is denied as it relates to Harris and Mantaring.[1]
B. Motion to Stay
The defendants assert that the plaintiff's application for prejudgment remedy and order pendente lite should be stayed pending arbitration. Specifically, the defendants argue that because they have met all the requirements of § 52-409, the court is compelled to stay all proceedings pending arbitration. The plaintiff contends that the defendants' argument is without merit because LLC is not a party to the partnership agreement and therefore § 52-409 is not applicable to it. The plaintiff also contends that its application for an order pendente lite pursuant to General Statutes § 52-422 is properly before the court and may not be stayed. CT Page 13357
General Statutes § 52-409 provides: "If any action for legal or equitable relief or other proceeding is brought by any party to a written agreement to arbitrate, the court in which the action or proceeding is pending, upon being satisfied that any issue involved in the action or proceeding is referable to arbitration under the agreement, shall, on motion of any party to the arbitration agreement, stay the action or proceeding until an arbitration has been had in compliance with the agreement, provided the person making application for the stay shall be ready and willing to proceed with the arbitration." Because the defendant LLC is not a party to the partnership agreement, no construction of § 52-409 would entitle LLC to a stay of the proceedings. Therefore, § 52-409 is inapplicable to LLC.
Section 52-409 is applicable to Harris and Mantaring because they are parties to the partnership agreement and the issue involved in the action is referable to arbitration under the agreement. The defendants have also stated in their motion to stay that they are ready and willing to proceed with the arbitration of the dispute between the parties. Therefore, the defendants' motion to stay the prejudgment remedy is granted as it relates to Harris and Mantaring until the matter is arbitrated in compliance with the partnership agreement.
C. Application for an Order Pendente Lite
The plaintiff has also applied for an order pendente lite pursuant to § 52-422 to obtain a prejudgment attachment against the defendants pending arbitration. Section 52-422 provides in pertinent part: "At any time before an award is rendered pursuant to an arbitration under this chapter, the superior court . . . upon application of any party to the arbitration, may make forthwith such order or decree, issue such process and direct such proceedings as may be necessary to protect the rights of the parties pending the rendering of the award and to secure the satisfaction thereof when rendered and confirmed." This section confers a definite jurisdiction upon a judge and it defines the conditions under which such relief may be given. . . . In such a situation jurisdiction is only acquired if the essential conditions prescribed by statute are met. . . . [A] pending arbitration is an essential condition that must exist before § 52-422 may be invoked." (Citations omitted; internal quotation marks omitted.) Goodson v. State, 232 Conn. 175, 180,653 A.2d 177 (1995).
It is undisputed that the plaintiff has commenced and is a party to an arbitration action against Harris and Mantaring that is pending before the AAA. Therefore, the plaintiff's application for an order pendente lite is properly before the court. Accordingly, the court has jurisdiction and authority to consider the plaintiff's application for an CT Page 13358 order pendente lite seeking a prejudgment attachment.
D. Prejudgment Remedy
The plaintiff has requested the court to issue an order pendente lite for a prejudgment attachment on the defendants' property. "Section 52-278d
permits a court to grant a prejudgment remedy if the plaintiff has shown probable cause to sustain the validity of his claim . . . Prejudgment remedy proceedings do not address the merits of the action; they concern only whether and to what extent the plaintiff is entitled to have property of the defendant held in the custody of the law pending adjudication of the merits of that action." (Citations omitted; internal quotation marks omitted.) Tyler v. Schnabel, 34 Conn. App. 216, 219,641 A.2d 388 (1994)
"In acting on a prejudgment remedy motion, the trial court must evaluate the arguments and evidence produced by both parties to determine whether there is probable cause to sustain the validity of the plaintiff's claim. . . . [T]he trial court, vested with broad discretion, need determine only the likely success of the plaintiff's claim by weighing probabilities. . . . Civil probable cause constitutes a bona fide belief in the existence of the facts essential under the law for the action and such as would warrant a person of ordinary caution, prudence and judgment, under the circumstances, in advancing the action . . . The plaintiff does not have to establish that he will prevail, only that there is probable cause to sustain the validity of the claim." (Citations omitted; internal quotation marks omitted.) Id., 219-20.
Based on an evaluation of the arguments and evidence produced by both parties, the plaintiff's request for an order pendente lite is granted because there is probable cause that a judgment will be rendered in favor of the plaintiff in this matter. The court orders that a prejudgment garnishment on the defendants' hank accounts in the amount of $180,000 be made. The defendants are permitted to substitute a bond with appropriate surety in an amount equal to the prejudgment remedy should they desire to do so.
SKOLNICK, J.