[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: DEFENDANT'S MOTION TO DISMISS (#102)
This case raises the question whether an agreement providing that arbitration is the "sole and exclusive means" for resolving disputes between the parties precludes the Superior Court from granting a prejudgment remedy under general statutes § 52-422 to ensure that assets of one party to that arbitration remain available to satisfy any award entered by the arbitrator. The present action began with the plaintiff filing and serving on the defendant an application for prejudgment remedy (PJR). Although containing boiler plate language that the plaintiff "was about to commence an action" against the defendant, and that probable cause existed that plaintiff would secure a judgment in the amount of the PJR sought, the application also stated that
 applicant commences these proceedings as an ancillary to the arbitration. Applicant will move to stay the action underlying this Application after this Court rules on this Application and applicant executes thereon. It will use the underlying action to move to confirm or vacate the arbitration award. It will not attempt to recover duplicative damages.
(Application for Prejudgment Remedy, ¶¶ 1, 2, 4.) Following normal procedure for PJRs, the complaint attached to the application was unsigned.
The defendant has now moved to dismiss this action for lack of subject matter; jurisdiction. The defendant makes two claims: that the arbitration contact itself "bars plaintiff from obtaining the remedy it now seeks" because of the contract's "sole and exclusive means" language, and that the agreement "necessarily implies that arbitration is a condition precedent to the initiation of any legal action involving a claim or CT Page 277 dispute under the Agreement." For the reasons set forth below, the motion to dismiss is denied.
While the defendant's memorandum correctly recites decisions that the courts favor arbitration agreements and honor terms in those agreements precluding resort to litigation, none of the authority cited by the defendant directly addresses the applicability of § 52-422 to arbitration proceedings. That statute provides in relevant part as follows:
 At any time before an award is rendered pursuant to an arbitration under this chapter, the superior court . . ., upon application of any party to the arbitration, may make forthwith such order or decree, issue such process and direct such proceedings as may be necessary to protect the rights of the parties pending the rendering of the award and to secure the satisfaction thereof when rendered and confirmed.
In Goodson v. State, 232 Conn. 175, 180, 653 A.2d 177 (1995), our Supreme Court addressed the contours and jurisdiction conferred on courts by § 52-422:
 An application for an order pendente lite pursuant to § 52-422 is a special statutory proceeding. "The statute confers a definite jurisdiction upon a judge and it defines the conditions under which such relief may be given. In such a situation jurisdiction is only acquired if the essential conditions prescribed by statute are met. If they are not met, the lack of jurisdiction is over the subject-matter and not over the parties." By its express terms, § 52-422
allows the trial court to issue an order only "upon application of any party to the arbitration. . . ." Thus, a pending arbitration is an essential condition that must exist before § 52-422 may be invoked. /B. (Citations omitted.)
In claiming that the instant arbitration agreement precludes resort to § 52-422, the defendant relies on language in that agreement that arbitration would be the "sole and exclusive" mechanism "for the resolution of claims and dispute between the parties arising out of or relating to this Agreement or breach there." (Def.'s Motion to Dismiss, Ex. A, "Contracting Services CT Page 278 Agreement," ¶ 10.) In this court's view, seeking a prejudgment remedy has nothing to do with resolving the dispute between the parties, but simply protects assets to effectuate the award resulting from the arbitrator's resolution of the dispute.
As for the defendant's second argument, the arbitration agreement "necessarily implies" that neither party will resort to litigation to bypass the arbitration procedure. Nothing in the agreement expressly or implicitly precludes resort to § 52-422 to secure assets. In its brief and at oral argument, the defendant relied heavily on Multi-Service Contractors, Inc. v.Vernon, 181 Conn. 445, 447, 435 A.2d 983 (1980), for the proposition that "where a contract makes an arbitration a condition precedent to a legal action, no action may be brought on the contract "[u]ntil arbitration has been pursued or there is a sufficient reason for not pursuing it." (Def.'s Mem. at 10.) What Multi-Service prohibits is a party seeking judicial resolution of the underlying claim, but seeking an order under § 52-422 is completely different. All plaintiff seeks here is to preserve assets to satisfy its underlying claim, should plaintiff prevail in the arbitration.
At oral argument the defendant, citing Practice Book § 10-3, also claimed that the instant application is procedurally defective because it does not specifically refer to § 52-422. As the court concluded in Rowev. Godou, 209 Conn. 273, 275, 550 A.2d 1073 (1988), however, the requirement that pleadings specifically identify a statute relied upon is "directory, rather than mandatory." This court concurs with the decision inBurns v. Landers, Superior Court, judicial district of Tolland at Rockville, Docket No. CV 96 61671 S (November 24, 1997) that the failure of a pleading to comply with P.B. § 10-3 does not deprive the court of jurisdiction but is more properly the subject of a request to revise.
It is undisputed that the plaintiff has commenced and is a party to a pending arbitration action against the defendant. Therefore, the plaintiffs application meets the requisite jurisdictional requirement set forth in § 52-422 for an order pendente lite. Accordingly, CT Page 279 the court has jurisdiction and authority to consider the plaintiffs application for an order pendente lite seeking a prejudgment attachment. For the foregoing reasons, the motion to dismiss is thus denied.
BY THE COURT
 ___________________ STEPHEN F. FRAZZINI JUDGE OF THE SUPERIOR COURT
CT Page 280